CLARK v. OTTENHEIMER BROTHERS.

5-1623                                              314 S. W. 2d 497

Opinion delivered July 1, 1958.

*M. V. Moody*, for appellant.

*Riddick Riffel*, for appellee.

PAUL WARD, Associate Justice. This is a Workmen's Compensation case and the principal controversy is over what constitutes an accidental injury within the meaning of the Act. The circuit court affirmed the full commission denying compensation, but we have concluded that the cause must be reversed and remanded.

Set out hereafter are the material facts which are not in dispute unless so indicated. Appellant, Mrs. Ovada Clark, became an employee of the respondent, Ottenheimer Brothers, on August 26, 1953 and continued working until she was forced to quit because of a back injury (ruptured disc) on August 30, 1954. Respondent is engaged in manufacturing wearing apparel, such as dresses. At first appellant was employed as a sewing machine operator, then at making boxes by folding flat cardboard pieces, but on June 14, 1954 she became what was known as a production line service girl. As such her duties were to keep each sewing machine operator on a production line supplied with materials as they

came from the cutting room. It was part of her job in this connection to carry rather large bundles and place or pile them on a cart or platform with rollers. These bundles each contained from 3 to 5 dozen dresses and some of them weighed about 40 pounds each according to the commissioner who first heard the case but, according to other testimony, some weighed as much as 60 pounds each. At times appellant, who was 37 years old and only slightly over five feet tall, lifted the bunles to a height of about 6 feet in order to pile them on the cart, and it was of course a part of her job to remove them for distribution. Appellant noticed her back hurting slightly for about two weeks before it became so severe she had to quit work. She went to several doctors and finally it was determined that she had a ruptured spinal disc which was removed by an operation. The insurance carrier voluntarily paid compensation for 13 weeks and then suspended further payments on the ground that she had not sustained a compensable injury. Appellant was still unable to return to work more than a year after her injury.

It is conceded that appellant is not entitled to compensation unless the record discloses two things: One, that she had an *accident* as that word is defined by our decisions, and; Two, that there was a *causal connection* between the accident and the injury.

*One. Accident.* If there was an accident all the testimony shows it arose out of and happened during the course of her employment. This case was first heard by one commissioner whose opinion denying compensation was brought to us by *certiorari*. This opinion was adopted by the full commission. We have read the commission's opinion carefully and we are convinced it was meant to deal only with the question of whether or not there was an accident. The commission found there was no accident, and in doing so, we think, it fell into error.

After setting out the contention of the claimant, the opinion states: "Respondents controvert this claim on the grounds that claimant did not sustain an accidental injury, and that any disability she has had since

the last date of her employment is not the result of an accidental injury." Following this, and after summarizing the facts, the opinion, under the heading FINDING, states: "That claimant did not sustain an accidental injury arising out of and during the course of her employment". Nothing was said about causal relationship in the commission's FINDING. This view which we think the commission took of the decisive issue is supported by some of the language it used under the heading of CONCLUSIONS. The pertinent words have been emphasized by us. It said:

"It is the Commissioner's interpretation of the evidence herein that the nature and volume of work performed, as well as the rapidity with which it was accomplished by claimant while being employed as a service girl remained *substantially constant,* so that there was no *increase* in the work load from the time she started on this job until the time she quit.

"The holdings of our State Supreme Court have been such as to include, under certain conditions, an increased work load as constituting an accidental injury within the meaning of the Act; however, in the instant case, the preponderance of the evidence clearly establishes, in the opinion of the Commissioner, that there was no *increased work* load while claimant was employed as a service girl."

Much of the testimony was directed to the issue of whether there was an *increased* work load placed on appellant just previous to her injury, and we readily agree there is substantial evidence to support the commission's finding that there was no such increase. We do think, however, the commission erred in taking the view, as it obviously did, that it was incumbent on appellant to show, as a prerequisite to compensability, an *increased* work load. It is our view that an *accident* may occur when there is no *increase* in work load. It is understandable how the commission might have been led into its mistaken view by the language in some of our former opinions. However, we think the law on this point was clearly and unequivocally settled against

appellee in the case of *Bryant Stave & Heading Co.* v. *White,* 227 Ark. 147, 296 S. W. 2d 436.

The case above cited is an exhaustive discussion of the very point here under consideration. It comments on Ark. Stats. § 81-1302(d) pertaining to an accidental injury, on the rule in England where compensation acts originated, on various opinions from this court and other jurisdictions, and on the majority and minority rule. A careful reading of the opinion leaves no doubt as to what it holds, the essence of which appears from a few excerpts. "If we should adopt a requirement that the work or strain be unusual or extraordinary we would reject the construction put on our statute in the jurisdiction from which it was borrowed and read into the law a requirement which greatly increases litigation to determine the elusory difference between usual and unusual strain or exertion." The opinion further states: "Notwithstanding anything we may have said in prior cases, we hold that an accidental injury arises out of the employment when the required exertion producing the injury is too great for the person undertaking the work, whatever the degree of exertion or the condition of his health, provided the exertion is either the sole or a contributing cause of the injury. In short, an injury is accidental when either the cause or result is unexpected or accidental, although the work being done is usual or ordinary."

Speaking now solely of what may constitute an accident under the holding in the *Bryant Stave* case it is clear that it was not incumbent upon appellant to prove an increased work load. This, however, was the exact burden which the commission and the trial court placed upon the appellant.

It makes no difference, we think, that appellant felt symptoms of her injury two weeks before it became so painful she could work no longer, if in fact the usual work load caused the ruptured disc in her spine. For that matter who knows whether the disc was ruptured on August 30 or two weeks earlier, and it would be folly to speculate.

*Two. Causal Connection.* Judging from the basis of the commission's finding and from the evidence produced by respondent, it appears to us there was no serious contention that appellant's injury was not the result of the accident, or, in other words, the result of the work she was doing. There was no evidence and no opinion to the effect that appellant's injury was not or could not have been caused by the heavy lifting she did. None of the four doctors who treated her, including the one who operated on her and removed the disc, was ever asked if the injury could have been caused by the work she was doing, and none expressed an opinion about the matter one way or the other. On the other hand the first doctor who treated appellant gave this written statement: "My opinion is the work she was doing at Ottenheimers Bros. was the causative factor to her troubles. As she stated, the work she was doing was carrying heavy bundles of dresses for a service line." The record shows that appellant did not mislead the doctor as to the nature of her work. This medical testimony is not refuted nor does it seem unreasonable, considering her size, her age, the weight of the bundles, and the height to which she lifted them, working 8 hours a day. Also, one other woman received similar injuries while doing work of a similar nature at the same place.

Since the cause appears to have been fully developed, we find from the undisputed evidence that appellant sustained an accidental injury which arose out of and during the course of her employment, and for that reason the cause is reversed. Also, since it appears that appellant had not fully recovered from the injury at the time of the hearing before the full commission, the cause is remanded to the trial court with directions to remand to the commission for further proceedings consistent with this opinion.