ALLEN v. CLARK.

5-2354                                    345 S. W. 2d 371

Opinion delivered April 3, 1961.

[Rehearing denied May 8, 1961.]

*James M. Rowan, Jr.*, for appellant.

*John A. Davis* and *Bridges, Young & Matthews*, for appellees.

GEORGE ROSE SMITH, J. This is a claim filed by the appellant, as the widow of William L. Allen, for death benefits under the workmen's compensation law. The commission denied the claim upon the ground that the claimant had not sustained the burden of proving that her husband's death was the result of an accidental injury arising out of and in the course of his employment. The only question before us is the sufficiency of the evidence to support the commission's decision.

At the time of his death on January 27, 1956, Allen was employed as an oil leasehold operator and workman by the appellee, Dr. O. W. Clark, a retired surgeon. On the preceding day Allen and two fellow employees had been engaged in building an oil-well foundation of heavy cross ties. These ties were at least six-by-eight-inch

timbers, were eight feet long, and weighed about 200 pounds each. When the men quit work on the afternoon preceding Allen's death the foundation lacked two cross ties.

The three men met at the well site on the morning of January 27, but it was raining, and they decided to come back at one o'clock. Allen went to Smackover for supplies and then returned to his home, which was about a quarter of a mile from the well. At about eleven o'clock the rain slackened, and Allen told his wife that he was going down to the well to put some cross ties into the foundation. When Allen did not come home for lunch his wife asked a neighbor to stop by the well and see if anything had happened. The neighbor found Allen's pick-up truck outside the jobsite tool house, which was about 300 yards on past the well. Allen's dead body was slumped over a large bucket in the tool house; his right hand was pressed against his side. It was definitely determined that Allen had been working, as the two remaining cross ties were found to have been put in place, and both of Allen's coworkers testified that they had not assisted in this work. A coroner's jury, in a report referring only to the testimony of the neighbor who discovered Allen's body, found that he came to his death "by internal hemorrhage due to overexertion."

Dr. Clark, testifying for the claimant, was the only medical witness and the only witness to express an opinion about the cause of Allen's death. He testified that in 1936 he operated upon Allen for a perforated stomach ulcer. In 1947 he operated upon Allen again, for a hernia caused by the abdominal weakness created by the first operation. In answer to a hypothetical question as to the cause of death Dr. Clark stated that "it would suggest to me that there had been a recurrence of this old hernia," and if Allen had done any straining or lifting the abdominal wall known as the omentum "could pop open and . . . could break a blood vessel, and he not only would have abdominal pain but sufficient hemorrhage there he would expire." Dr. Clark explained that the position of Allen's body and hand indicated

abdominal pain and negatived heart trouble, as a victim of a heart attack would be found "throwing himself back . . ., not bent over."

On cross examination Dr. Clark was asked if a rupture of the omentum would immediately cause severe pain. He answered, "Yes, sir, he would have pain; and the degree of pain, the longer it goes, he might have a little breakage sufficient to cause him trouble, pain, then possibly he would go on 20 or 30 minutes, maybe an hour, and finally it might take a notion to come on out, and of course that's intense pain . . . and if a vessel is ruptured there you can hemorrhage to death." In effect the witness admitted that he was expressing what might have happened and that it was "speculation" in the absence of the information that would come from an autopsy. He did say, however, that such a rupture of the omentum would result in there being free blood in the abdominal cavity, and that condition was in fact found by the embalmer who prepared Allen's body for burial and who testified in the case. No autopsy was performed.

We think the commission was in error in holding that the claimant had not sustained the burden of proof and in finding that "the cause of death is not established by competent substantial evidence." It is shown by undisputed evidence that the two surgical operations had created an abdominal weakness that exposed Allen to the risk of an internal hemorrhage if he strained himself. It is shown by undisputed evidence that just before his death Allen singlehandedly put the two heavy cross ties into the foundation. There is no evidence whatever to suggest that Allen might have strained himself in any other way.

Dr. Clark's testimony, even when viewed in the light most favorable to the commission's decision, embodies the positive opinion that Allen's death was probably due to an internal hemorrhage brought about by over-exertion. This medical testimony, as we said in *Clark* v. *Ottenheimer Bros.*, 229 Ark. 383, 314 S. W. 2d 497, "is not refuted nor does it seem unreasonable." Quite the

opposite, Dr. Clark's explanation of his position is logical and convincing, and the embalmer's uncontradicted testimony supplies strong corroboration of Dr. Clark's opinion.

The appellees argue that if Allen had strained himself at the well site he would have been found there rather than in the tool house. We have quoted Dr. Clark's testimony, however, which shows that the pain might have been slight at first and have become intense only after a lapse of 20 minutes or more. This interval would have allowed ample time for Allen to drive his truck to the tool house.

Dr. Clark, it is true, in effect gave an opinion as to the probable cause of death and did not assume to speak with complete omniscience. But, in the circumstances, the claimant's proof was sufficient. "In all cases of this kind it is difficult to show with certainty the exact cause of death, and we do not believe that it is required by the law that the claimant should be compelled to prove the alleged cause of death to a mathematical certainty." *Herron Lbr. Co.* v. *Neal,* 205 Ark. 1093, 172 S. W. 2d 252; see also *Am. Life Ins. Co.* v. *Moore,* 216 Ark. 44, 223 S. W. 2d 1019. The point of controlling importance is that the record does not contain a syllable of testimony to indicate any cause of death other than the one thought by Dr. Clark to have been probable. The respondents offered no proof tending to rebut the affirmative case established by the claimant. The commission felt that it would have to rely upon speculation to hold that Allen's death was compensable; but in our opinion it would be necessary to resort to speculation in order to say that Allen died from some cause other than the one described by Dr. Clark.

The judgment is reversed and the cause remanded to the circuit court with instructions to remand the case to the commission for the entry of an award.