HALL *v.* PITTMAN CONSTR. Co.

5-2704                                                  357 S. W. 2d 263

Opinion delivered May 21, 1962.

*Virgil Ramsey* and *Paul Jameson,* for appellant.

*Crouch, Blair & Cypert,* for appellee.

GEORGE ROSE SMITH, J.   This is a workmen's compensation claim filed by the appellant for total disability assertedly resulting from his having fallen from a tractor on October 27, 1959. The commission denied the claim on the ground that the claimant had not met the burden of proving that his disability, which manifested itself in January of 1961, was attributable to the accident that had occurred fifteen months earlier. The circuit court upheld the commission's decision.

According to the medical testimony the tractor accident aggravated an existing degenerative condition in the disc between two of the vertebrae in Hall's neck. The injury, however, was not disabling until about a month later, when Hall first consulted Dr. Patrick. This

physician placed his patient in a hospital on November 29, 1959, where he remained for five days under the care of Dr. Kaylor, an orthopedic specialist. Upon leaving the hospital Hall soon returned to his job as a tractor operator and continued in that work until sometime during the summer of 1960. In May of that year Hall was treated by Dr. Patrick for a back condition, but there is no indication in the medical record that the claimant was then complaining of any suffering in the region of his neck.

After leaving the appellee's employment in August of 1960 Hall appears to have engaged in light work of one kind or another until the condition of his neck became disabling in January of 1961. He was again treated by Dr. Patrick and Dr. Kaylor, both of whom gave evidence in the case. The referee, whose opinion was adopted by the commission, found the medical testimony to be inconclusive and rather pointedly rejected Hall's testimony on the ground that his credibility had been almost completely destroyed.

Under the substantial evidence rule that prevails in a case of this kind the appellant shoulders a heavy burden in seeking a reversal of the commission's decision upon an issue of fact. In order to succeed the appellant must show that the proof is so nearly undisputed that fair-mined men could not reach the conclusion arrived at by the commission. After studying the record we are unable to say that the appellant is entitled to a reversal; that is, that there is no substantial evidence to support the commission's findings.

Cases such as this one present problems that gradually and almost imperceptibly progress from issues of law to issues of fact. If the claimant's disability arises soon after the accident and is logically attributable to it, with nothing to suggest any other explanation for the employee's condition, we may say without hesitation that there is no substantial evidence to sustain the commission's refusal to make an award. *Clark* v. *Ottenheimer Bros.,* 229 Ark. 383, 314 S. W. 2d 497. But if the disability

does not manifest itself until many months after the accident, so that reasonable men might disagree about the existence of a causal connection between the accident and the disability, the issue becomes one of fact upon which the commission's conclusion is controlling. *Kivett* v. *Redmond Co.*, 234 Ark. 855, 355 S. W. 2d 172.

The case at bar falls in the latter category. A period of fifteen months intervened between the tractor accident in October of 1959 and the onset of total disability in January of 1961. Dr. Patrick was unable to say with confidence that Hall's disability was related to the tractor accident; he recognized the possibility that the original condition could have been aggravated at any time by a subsequent incident. Dr. Kaylor, the claimant's other physician, had this to say: "There is some possibility of aggravation of his arthritic condition in his neck as the result of the accident in November or late October, 1959. I cannot, with any degree of certainty, establish any rating of disability by reason of this injury and aggravation." The law does not imperatively compel the members of the commission to be even more certain than the witnesses in the case.

Thus the medical testimony created an issue of fact. This uncertainty was not dispelled by the claimant's testimony, which was considered to be of little value. Hall originally asserted a claim for total disability during the first three months following the tractor accident, but eventually it was shown pretty clearly not only that Hall was actually working during that period but also that he was fraudulently obtaining unemployment compensation benefits at the same time. In view of all the circumstances we cannot say that the commission was bound to conclude that Hall's disability was caused by the tractor accident some fifteen months earlier.

Affirmed.

ROBINSON, J., dissents.