McMurtry *v.* Marshall Model Market.

5-3043                                                371 S. W. 2d 4

Opinion delivered October 7, 1963

*Jack Holt, Sr.* and *John P. Streepey,* for appellant.

*S. Hubert Mayes* and *S. Hubert Mayes, Jr.,* for appellee.

Sam Robinson, Associate Justice. Appellant, J. N. McMurtry, a meat cutter, went to work for appellee, Marshall Model Market No. 48, on a trial basis. He was to work two weeks at a salary of $80.00 per week, and if at the expiration of that time his services were satisfactory to the appellee, and appellant wanted to continue on the job, the salary would be raised to $85.00 per week.

On Saturday, April 28, 1962, the last day of the two week period, appellant lifted a box containing about two dozen frying size chickens. He states that at that time he suffered a burning pain in his stomach, but that it never occurred to him that he was injured. He rubbed his side for a few minutes; the pain went away; he never gave it any more thought, and continued to work for about three hours, until closing time. He stated there was no bulge in his side and that he did not mention the incident to anyone. He further testified that the next day, Sunday, he just stayed around the house; when he would get up his side would hurt.

On Monday morning he did not return to work for appellee, but went to work for Mr. Blagg, who operates

the Quality Meat House. He did, however, call appellee and offer to go out and help that morning if he was needed. Mr. Marshall said that it was not necessary, that he had someone else coming. Appellant said nothing to appellee at that time about having received an injury.

Later in the day, at Mr. Blagg's place of business, appellant attempted to lift a quarter of beef weighing between 100 and 120 pounds and felt a sharp pain in his side. He told Mr. Blagg about it and called his doctor; however, he could not get an appointment with the doctor until the following Thursday. When he did see the doctor the diagnosis was hernia. After the visit to the doctor's office on Thursday, McMurtry went to Marshall's place of business and claimed that he had been injured on the preceding Saturday afternoon while lifting the box of chickens.

Later appellant filed a claim with the Workmen's Compensation Commission contending that he had received the rupture Saturday afternoon, April 28, 1962, while working for appellee. After a full hearing, the Commission denied compensation and McMurtry has appealed.

The Compensation Commission denied compensation on two grounds. First, ''The Commission is of the opinion that claimant has not sustained the burden of proof that is upon him to establish that he was, in fact, injured while working for respondent employer.''

The Commission was also of the opinion that the claimant did not comply with the requirements of the statute regarding claims for disability due to hernia. The statute provides: ''In all cases of claims for hernia it shall be shown to the satisfaction of the Commission: (1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall; (2) That there was severe pain in the hernial region; (3) That such pain caused the employee to cease work immediately; (4) That notice of the occurrence was given to the employer within forty-eight (48) hours

thereafter; (5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within forty-eight (48) hours after such occurrence; . . .".

According to the undisputed evidence, two of the requirements were not met. First, there was not such pain that caused the employee to cease work immediately. He continued to work for three hours—to the end of the working day. Second, notice was not given to the employer within forty-eight hours after the injury is alleged to have occurred. Of course, an employee might receive an injury causing a hernia and not actually know that he had received the hernia until more than 48 hours after having been injured. In this kind of situation, although he might be required to report the injury, he would not be required to report the hernia within the 48 hour period. *Prince Poultry Co.* v. *Stevens,* 235 Ark. 1034, 363 S. W. 2d 929; *Williams Mfg. Co.* v. *Walker,* 206 Ark. 392, 175 S. W. 2d 380.

But since the Commission found as a fact that the appellant failed to prove by a preponderance of the evidence that he received any injury at all while working for Marshall, we need not dispose of the case on the question of whether appellant met the requirements of the statute regarding a claim for compensation due to hernia.

The only evidence that he received an injury while working for Marshall is the testimony of appellant himself. There is no corroborating testimony, direct or circumstantial. Since he is a party, the Commission is not bound to accept his uncorroborated testimony. *Cousins* v. *Cooper,* 232 Ark. 605, 339 S. W. 2d 316; *Horn* v. *Horn,* 232 Ark. 723, 339 S. W. 2d 852. Appellant appeared before the Compensation Commission and testified on direct and cross examination; the Commission had an opportunity to observe him and his demeanor. In addition, there is circumstantial evidence that goes to the merits of the case. In the first place, although appellant claims that he received an injury that caused a rupture

on Saturday afternoon, three hours before closing time, he said not a word about it to anyone, made no complaint about suffering any pain, and finished out the days work. Furthermore, he called appellee the following Monday and offered to go out and help if he was needed. At that time he said nothing about having been injured, and, in fact, went to work at another place still claiming no injury until such time that he attempted to lift the heavy quarter of beef at Mr. Blagg's place. Mr. Blagg had no workmen's compensation insurance and appellee does have it.

We cannot say that the Commission's finding is not supported by substantial evidence, and according to many decisions of this court, the judgment will, therefore, be affirmed.