MEYER'S BAKERY, INC., and THE HOME INSURANCE COMPANY *v.* Oliver PRATT

CA 82-308                                    644 S.W.2d 299

Court of Appeals of Arkansas
Opinion delivered December 1, 1982

*Tom Forest Lovett, P.A.,* for appellants.

*Whetstone & Whetstone,* by: *Bud Whetstone,* for appellee.

TOM GLAZE, Judge. This is a workers' compensation case. Appellant's sole argument for reversal is that the Commission erred in finding appellee incurred a back injury while he was within the scope and course of his employment. We believe the Commission's finding is supported by substantial evidence, and therefore we affirm.

On June 28, 1980, appellee, a truck driver, was making a delivery to a bakery in Natchez, Mississippi. In order to back his tractor-trailer rig into the bakery, appellee had to leave the tractor to find someone to open a large door which was apparently the entranceway to the loading platform. It was dark and as he was walking, appellee inadvertently stepped into a hole and fell. He braced his fall but not before wrenching his right knee. After appellee's return home, Dr. William Y. Oh treated appellee's knee injury, and in July, 1980, the doctor performed a meniscectomy. After this surgery, appellee continued to complain of pain radiating down his right leg extending into the big toe, so Dr. Oh referred appellee to Doctors Giles and Jouett. Giles, a neurosurgeon, diagnosed a disc herniation at the L5-S1 interspace and did a laminectomy which appellee stated stopped the pain in his leg that extended into the toe. He said that another type pain remained immediately below the knee.

The Administrative Law Judge found that appellee's disc problem was causally connected with his knee injury

and awarded benefits accordingly. In a two-one decision, the Commission affirmed the Law Judge's decision.

The Supreme Court recited the following rule in *Hall* v. *Pittman Construction Co.*, 235 Ark. 104, 357 S.W.2d 263 (1962), which we find applicable here:

> If the claimant's disability arises soon after the accident and is logically attributable to it, with nothing to suggest any other explanation for the employee's condition, we may say without hesitation that there is no substantial evidence to sustain the commission's refusal to make an award. *Clark* v. *Ottenheimer Bros.*, 229 Ark. 383, 314 S.W.2d 497. *But if the disability does not manifest itself until many months after the accident, so that reasonable men might disagree about the existence of a causal connection between the accident and the disability, the issue becomes one of fact upon which the commission's conclusion is controlling.* *Kivett* v. *Redmond Co.*, 234 Ark. 855, 355 S.W.2d 172 (Emphasis supplied).

*Id.* at 105-06, 357 S.W.2d at 264.

Appellant forcefully argues that appellee indicated that he neither knew when nor how he hurt his back. At one time, appellee claimed he hurt it prior to the knee injury. Additionally, no doctor gave an opinion which specifically stated the knee injury caused or contributed to the back injury. On the other hand, appellee testified that he never had a back problem before the night he suffered the knee injury. In fact, he has never experienced any back pain even though it is undisputed that he had a herniated disc. The pain he did describe was of two different but distinct types, one which radiated down his leg into his big toe and a second which was localized at a spot below the knee. The pain extending into the toe was completely eliminated after his back surgery. No evidence was presented that showed that appellee suffered any injury between the time of the knee incident on June 28, 1980, and the disc problem which was diagnosed in November, 1980.

In sum, this case turns on a question of fact. There is evidence that appellee's pain commenced when he injured his knee and that the major part of this pain was alleviated because of his back surgery — not the meniscectomy. On these facts we may have found the knee and back injuries unrelated, but this was the Commission's decision to make. We believe its decision is controlling and based on substantial evidence.

Affirmed.