MIN-ARK PALLET COMPANY, Inc. *v.* Michael LINDSEY

CA 96-1511 950 S.W.2d 468

Court of Appeals of Arkansas
Division II
Opinion delivered September 17, 1997

*Pulliam Law Offices, P.A.*, for appellant.

No response.

JOHN F. STROUD, JR., Judge. This is a workers' compensation case. Appellant, Min-Ark Pallet Company, Inc., is the employer. Appellee, Michael Lindsey, is the claimant. Appellee's job involved lifting heavy wooden pallets. He sustained a hernia for which he filed a claim with the Commission, contending that the injury arose out of and in the course of his employment. Appellant opposed the claim, asserting that the injury did not happen on the job and that it did not satisfy the requirements of Arkansas Code Annotated section 11-9-523 (Repl. 1996), which deals specifically with hernias. The administrative law judge found that appellee did not sustain a compensable injury. The Commission reversed. We affirm.

In its first point of appeal, appellant argues that appellee did not give notice of an injury, that in failing to do so he failed to meet the requirement of seeking medical care within seventy-two (72) hours of the injury, and that without an "established incident" the claimant could not meet the strict requirements of Arkansas Code Annotated section 11-9-523 (Repl. 1996). We disagree.

In reviewing workers' compensation cases on appeal, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if those findings are supported by substantial evidence. *Southern Steel & Wire v. Kahler*, 54 Ark. App. 376, 927 S.W.2d 822 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary

finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.*

Arkansas Code Annotated section 11-9-523 provides:

(a) In all cases of claims for hernia, it shall be shown to the satisfaction of the . . . Commission:

(1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

(2) That there was severe pain in the hernial region;

(3) That the pain caused the employee to cease work immediately;

(4) That notice of the occurrence was given to the employer within forty-eight (48) hours thereafter; and

(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence.

The Commission determined that all of the requirements of this statute were satisfied because appellee testified that he felt a burning pain in his side when he lifted a pallet ((a)(1)); because appellee said that the pain "almost brought me to my knees" and that he stopped working in order to call his mother ((a)(2) and (a)(3)); because appellee discussed his problem with a co-worker who was the wife of one of the company owners within forty-eight (48) hours of the onset of the pain ((a)(4)); and because "it is sufficient that the physical distress required the attendance of a physician within the amount of time required by subsection (a)(5), not that the physician was actually seen within the seventy-two hour time frame" ((a)(5)). We hold that there was substantial evidence to support the Commission's findings.

Here, appellee testified that he worked at Min-Ark Pallet Company, rebuilding wooden pallets. He explained that lifting was involved in his job because it was necessary to pull pallets off stacks, put them on the table, rebuild them, and then lift them back onto another stack for pick-up. He testified that on the day of the injury, Friday, September 23, 1994, he reached up, pulled a

pallet down, and felt a severe burning pain in his side. He thought it was appendicitis or something going wrong with his side. He stopped work and went to Maybelle Minick's office to call his mother. He said Ms. Minick was the secretary and that he used the phone on her desk, in her presence, to call his mother. He told his mother that his side "grabbed" him and "almost dropped me to my knees." He said he told Ms. Minick that he was having some really bad pains and did not know what was wrong. Appellee's mother, Susan Lindsey, testified that in response to appellee's phone call she made a doctor's appointment for him that afternoon, but that appellee told her he could not take off because they had a work order that had to be completed. Ms. Lindsey said she then made a doctor's appointment for appellee on Monday, September 26, 1994. She said she and Ms. Minick, whose husband is a part owner of Min-Ark Pallet Company, speculated that appellee might have appendicitis. Ms. Lindsey testified that appellee was still in a lot of pain when he got home that afternoon, that he "laid around" all weekend, and that he went to the doctor on Monday. The doctor ruled out appendicitis, but could not determine the source of the pain. Appellee testified that he was able to continue work by stopping when he needed to stop and working when he felt he could. He said he would go lie on the couch in Ms. Minick's office for a while or sit on his table until he could work again. Ms. Lindsey testified that appellee continued to work until October 13, 1994, when he called and asked her to meet him at the emergency room because "he couldn't take it any more." She said that eventually exploratory surgery was performed and revealed an inguinal hernia.

 In reviewing the statutory requirements, the Commission found that the requirement of subsection (a)(1) was satisfied based upon appellee's testimony that he "felt a burning pain" in his side when he attempted to lift a pallet. Appellant argues that appellee never mentioned a "burning pain" until his testimony before the administrative law judge. The argument misses the point. Regardless of whether appellee initially described the pain as "burning" or not, there was substantial evidence presented to the Commission that appellee suffered severe pain when he attempted to lift a pallet.

■ Similarly, the Commission found that the requirements of subsections (a)(2) and (a)(3) were satisfied by appellant's testimony that the pain almost brought him to his knees and that he stopped working in order to call his mother. Appellant argues that the cessation of work requirement under subsection (a)(3) was not supported by substantial evidence because appellee returned to work within moments of calling his mother. We disagree. Appellee testified that he continued to work because a work order had to be completed and that he worked when he could and stopped when he could not, resting on his table or lying down on the couch in Ms. Minick's office. Reasonable minds could accept this evidence as adequate to support the Commission's conclusion that there was a cessation of work under subsection (a)(3). *See also Osceola Foods, Inc. v. Andrew*, 14 Ark. App. 95, 685 S.W.2d 813 (1985) (explaining that claimant only stopped work for 15-20 minutes and continued to work both the day of the injury and the following morning).

■ The Commission found that the notice requirement under subsection (a)(4) was satisfied because appellant discussed his problem with Ms. Minick within minutes of the onset of pain, even though he did not tell her what he had been doing when the pain started. Appellant argues that there was not substantial evidence to support the Commission's finding that the notice requirement under subsection (a)(4) was satisfied. In addition, appellant argues that the statute must be strictly construed, that it specifically provides that notice of the "occurrence" must be given, and that appellee "never once notified his employer of any occurrence in conjunction with his pain." In other words, appellant argues that the legislature intended for the word "occurrence" to describe a *work* event that caused the hernia. We disagree. Even when statutes are strictly construed, they must be construed in their entirety, harmonizing each subsection where possible. *Thomas v. Cornell*, 316 Ark. 366, 872 S.W.2d 370 (1994). The word "occurrence" appears four times within section 11-9-523, two of which are within the phrase "occurrence of the hernia." Ark. Code Ann. § 11-9-523(a)(1), (4) & (5). Clearly, when used within this phrase, "occurrence" means the happening of the hernia itself, not necessarily the work event resulting in the hernia.

Our construction is buttressed by the fact that subsection (a)(1)· addresses the work event causing the hernia: "[t]hat the occurrence of the hernia immediately followed as the *result of sudden effort, severe strain, or the application of force directly to the abdominal wall*[.]" Appellant's argument would have us give two different meanings to the same word, "occurrence," within the same statute, totally ignoring its use in the phrase "occurrence of the hernia." Rules of strict construction do not require such a strained application of the words of the statute.

In making its argument with respect to subsection (a)(4), appellant also relies upon *Price v. Little Rock Packaging Co.*, 42 Ark. App. 238, 856 S.W.2d 317 (1993), and *Siders v. Southern Mattress Co.*, 240 Ark. 267, 398 S.W.2d 901 (1966). In both cases, the appellate courts reversed the Commission's denial of benefits to employees who had suffered hernias. In *Siders*, the supreme court noted:

> The commission imposed a heavier burden on appellant than the law calls for. Just as the Act does not require an immediate diagnosis, it also does not require that the claimant insist that the doctor's history contain the gory details of the occurrence.
>
> . . . .
>
> Appellant has established a prima facie case. From all the circumstances, there is no question but that the employer had timely and proper notice of the occurrence that caused the hernia. There is no substantial evidence to the contrary. Appellant is not required to give notice that he has a hernia—he is not a doctor—the statute merely requires that appellant give notice of the occurrence which results in a hernia. *Clark v. Ottenheimer Bros.*, 229 Ark. 383, 314 S.W.2d 497; *McMurtry v. Marshall Model Market*, 237 Ark. 11, 371 S.W.2d 4.
>
> On the case as a whole, "if the claimant's disability arises soon after the accident and is logically attributable to it, with nothing to suggest any other explanation for the employee's condition, we may say without hesitation that there is no substantial evidence to sustain the commission's refusal to make an award." *Hall v. Pittman Constr. Co.*, 235 Ark. 104, 357 S.W.2d 263.

That decision is based upon the court's review of the total circumstances of the case, and its resulting conclusion that those circumstances did not support the Commission's denial of benefits under subsection (a)(4).

■ Here, our examination of the evidence shows that there was substantial evidence to support the Commission's finding that the notice requirement of subsection (a)(4) was satisfied. That is, appellee's discussion of his problem with Ms. Minick, her knowledge that he had been lifting heavy pallets, and his statement during the phone call to his mother in front of Ms. Minick that his side "grabbed" him provided sufficient "notice of the occurrence" under the circumstances of this case to affirm the Commission's finding. As we have explained in a previous case with respect to the "cessation of work" requirement under subsection (a)(3), there is no mathematical formula where these findings of fact are concerned. See *Osceola Foods, Inc. v. Andrew*, 14 Ark. App. 95, 685 S.W.2d 813 (1985). Rather, determinations regarding the requirements of these subsections "should be based on evidence which satisfies the finder of fact" that the requirements have been met. *Id.* Indeed, Arkansas Code Annotated section 11-9-523, the statute at issue here, begins, "In all cases of claims for hernia, *it shall be shown to the satisfaction of the Workers' Compensation Commission: . . . .*" Our task on appeal is to determine whether reasonable minds could reach the Commission's conclusion that appellee gave notice of the occurrence to the employer within forty-eight hours thereafter. We hold that reasonable minds could reach such a conclusion.

■ The Commission found that the final subsection, (a)(5), was satisfied "because it is sufficient that the physical distress required the attendance of a physician within the amount of time required by the subsection, not that the physician was *actually seen within the seventy-two-hour time frame*." Appellant argues that there is no substantial evidence to support this finding because the date of the injury cannot be determined, and therefore it is impossible to determine the seventy-two-hour time frame. We disagree. For all of the reasons discussed previously, the seventy-two hour time frame began on Friday, September 23, 1994. Appellee did not see his doctor on that date because he was working on an

order that had to be completed. He did see his doctor on Monday, September 26, 1994, which was still within the seventy-two-hour time frame.

Under its second point of appeal, appellant argues that the Commission violated the legislative directive to strictly construe the statute because the Commission relaxed the burden of proof by excusing appellee's inconsistent statements. We disagree. Appellant sprinkles several challenges to credibility throughout its arguments under both points of appeal, including testimony of a coworker that his injury might have been caused by an accident on a "wet bike." The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Osceola Foods, Inc. v. Andrew*, 14 Ark. App. 95, 685 S.W.2d 813 (1985). Moreover, the determination of credibility has nothing to do with statutory construction.

Affirmed.

ROBBINS, C.J., and BIRD, J., agree.