Waylon COOPER *v.* McBURNEY CORPORATION

CA 00-261                                                          39 S.W.3d 1

Court of Appeals of Arkansas
Divisions I, II, and III
Opinion delivered January 31, 2001

*Lane, Muse, Arman & Pullen,* by: *Shannon Muse Carroll,* for appellant.

*Rieves & Mayton,* by: *Eric Newkirk,* for appellees.

ANDREE LAYTON ROAF, Judge. Waylon Cooper appeals from a decision of the Workers' Compensation Commission denying him benefits for a hernia. On appeal, he argues that the Commission erred in failing to find that his injury occurred on April 13, 1998, rather than two days earlier. We reverse and remand for an award of benefits.

Cooper worked as a laborer for the McBurney Corporation, a construction company. During the course of his employment, he suffered physical problems on April 11, 1998, and April 13, 1998. Cooper claimed that the first problem was merely a stomach muscle strain and that the second one was the hernia that ultimately required surgery to repair. McBurney denied that the hernia was compensable, and on April 16, 1999, Cooper brought his case before an Administrative Law Judge (ALJ) for a hearing.

Co-worker William R. Cross testified by deposition that he was working with Cooper on April 11, 1998, and that Cooper told him that night that he had "strained his back or stomach or something." However, he stated that Cooper worked a full twelve-hour shift that night. Cross also testified that he worked with Cooper the next night when they made a "pour" of a cement-like refract material and that the process required that Cooper pick up hundred-pound bags and empty them into a trough where Cross mixed them. Cross stated that the process was constant, but Cooper had three to five minutes of rest between bags.

According to Cross, in the early morning hours of that shift, on April 13, 1998, Cooper complained that he was injured and that when he tried to urinate, his injury bothered him. Although the pour that night had to be repeated, Cooper did not help out to any significant degree because of his injury. Cross stated that Cooper's father, who was his supervisor, allowed Cooper to avoid strenuous activity that night, but eventually Cooper "just had to quit." Cross, who stated that he was Cooper's roommate at the time, testified that after work, Cooper took a shower and noticed a lump in his groin area. Cross claimed that Cooper showed him the lump. According to Cross, he told Cooper that he might have a hernia after he complained that he felt a burning pain upon urination. Cross further testified that Cooper returned to work the next night, but did not do any strenuous work for the rest of the night. Regarding the work performed on the evening of April 11, 1998, which involved "pulling two or three hundred pound tubes," he opined that it was as strenuous as the work performed during the pour.

Cooper, who was twenty-one years old and stood 6'1"tall and weighed 235 pounds, testified that he injured himself on April 13, 1998, while he was lifting the bags of refract. He claimed that he felt a burning sensation in his right groin that got progressively

worse. Cooper claimed that by his lunch break, he could not eat because his stomach was upset, and he did not do any more heavy lifting for the rest of his shift. He confirmed that he told Cross that he was experiencing pain when he tried to go to the bathroom. He also claimed that he sustained his injury on Monday night/Tuesday morning, informed his supervisor on Tuesday afternoon, April 14, 1998, at 3:30, and afterwards sat in the tool trailer for most of his shift. Cooper stated that his mother set up an appointment with a Dr. Rushing later that day. After Dr. Rushing unsuccessfully attempted to push the hernia back in, he referred Cooper to a Dr. Bowden, who was also unsuccessful with that treatment. Dr. Bowden repaired the hernia with surgery on April 30, 1998.

Regarding his April 11, 1998, injury, Cooper stated that the pain was above his belt line, and it was a "stretching" pain. By comparison, the pain for his second injury was "like a burn," and then it "just carried up to like a gut-twisting pain up in [his] stomach."

On cross-examination, Cooper admitted that he signed an AR-C form that stated that his injury occurred when he was "pulling and setting 20 foot tubes." He also admitted that he gave insurance adjuster Melissa Griffin a recorded statement in which he told her about the injury he suffered on April 11, 1998. However, he emphatically denied changing the date of his injury to bring his visit to a physician within the seventy-two hours required by statute to make his injury compensable. He reiterated that he had no swelling until he went to work on Monday night. Cooper also stated that he first began to experience the "burning" pain when he was picking up a bag of refract.

The medical exhibits included an office note from Dr. K. Rushing that stated that Cooper related that he felt like he pulled a stomach muscle "pushing some tubes," and "a couple of days later" felt "a little bit more pain," and "felt like he had some swelling in the groin." Dr. Rushing's diagnosis was a right inguinal hernia. Dr. Bowden's office note stated that "patient states that he first noticed discomfort in his right groin Saturday, 4/11/98, after lifting at work. The following Monday he noticed a bulge in his right groin. Felt a mass in his right scrotum." Dr. Bowden agreed with Dr. Rushing's diagnosis of a right inguinal hernia, but also suspected a "possible associated cord lipoma." Dr. Rushing scheduled surgery for the next day, but canceled it when McBurney Corpora-

tion's workers' compensation carrier called and said that they would not pay for the surgery. Later, Dr. Rushing performed a successful surgical repair of the hernia.

Also included in the record as an exhibit for McBurney Corporation was the statement that Cooper gave to Melissa Griffin. Cooper stated:

> I noticed the pain Saturday night when we were pulling out tubes. It just bothered me every so often. I didn't think it was nothing serious. I kept working. Monday night was when I knew there was a problem but I realized Saturday night was when it started. . . . There were people around me that I was working with when the accident occurred on Saturday night. I can't really can't recall if I said something because I thought it was like a little pulled muscle or something in my stomach and I wasn't going to act like a wimp. So I just kept working. . . . When I was working there it did not make me stop even just for second. It did not make me stop what I was doing and realized I was having pain on Saturday night because it didn't bother me. But [I stopped working] a little bit Monday night when it started hurting bad.

Cooper also stated that he felt a "strain" when he was lifting the tubes.

The ALJ found that Cooper's hernia was compensable and awarded benefits. In awarding benefits, the ALJ acknowledged that there was evidence of an injury on April 11, 1998, however, he reasoned that the symptoms on that date did not qualify as a compensable hernia, whereas the injury of April 13, 1998, did. The Commission reversed in a plurality decision. In a lengthy main opinion, Commissioner Wilson found that April 11, 1998, was when the hernia occurred, but that it failed to satisfy the requirements of Ark. Code Ann. § 11-9-523 (Repl. 1996), in that Cooper did not prove that he suffered severe pain, did not immediately cease work, did not notify his employer of the injury within forty-eight hours, and did not visit a physician within seventy-two hours. Wilson, opined, however, that if the hernia had been sustained on April 13, 1998, all of the criteria required by section 11-9-523 would have been met. Commissioner Coffman concurred, finding that the greater weight of the credible evidence established that Cooper's hernia occurred on or before April 11, 1998. He specifically mentioned that date as being listed on Cooper's AR-C, Cooper's first recorded statement, Dr. Rushing's April 15, 1998 report, and Dr. Bowden's April 30, 1998, report.

Cooper argues that the Commission erred in finding that his April 11, 1998, injury was the hernia that he ultimately needed surgery to repair. He contends that he met all of the requirements of Ark. Code Ann. § 11-9-523 (Repl. 1996), for finding that his April 13, 1998, injury was compensable, and that while he may have experienced a pull in his stomach on April 11, 1998, it does not follow that the hernia that he experienced on April 13, 1998, is rendered noncompensable because of it. We find this argument persuasive.

█ Compensability of work-related hernias are governed by Ark. Code Ann. § 11-9-523 (Repl. 1996), which provides in pertinent part:

(a) In all cases of claims for hernia, it shall be shown to the satisfaction of the Workers' Compensation Commission:

(1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

(2) That there was severe pain in the hernial region;

(3) That the pain caused the employee to cease work immediately;

(4) That notice of the occurrence was given to the employer within forty-eight (48) hours thereafter; and

(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence.

An "inguinal hernia" is defined as "a hernia in which a loop of intestine enters the inguinal canal, sometimes filling in a male the entire scrotal sac." *Mosby's Med. & Nursing Dictionary* 558 (Violet A. Breckbill et al., eds. C.V. Mosby Co. 1983).

█ In reviewing workers' compensation cases on appeal, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if those findings are supported by substantial evidence. *Boyd v. Dana Corp.*, 62 Ark. App. 78, 966 S.W.2d 946 (1998); *Min-Ark. Pallet Co. v. Lindsey*, 58 Ark. App. 309, 950 S.W.2d 468 (1997). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not

whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.*

■ ■ We agree with the Commission's finding that Cooper did not suffer a compensable hernia on April 11, 1998. We also agree that Cooper's April 13, 1998, injury satisfied all of the statutory requirements for compensability. However, we cannot say that reasonable minds could conclude, from the evidence before the Commission, that Cooper suffered his inguinal hernia on April 11 rather than April 13. Cooper merely related to his two treating physicians and to the insurance adjuster the sequence of events that occurred and the symptoms that he experienced on the two dates. The documentation produced from these three sources agrees in all material respects and is consistent with Cooper's testimony at his hearing. Both physicians simply recorded the history provided by Cooper and diagnosed an inguinal hernia without stating on what date the hernia had occurred. Although Cooper initially reported his injury as occurring on April 11, we find this fact to be of no moment; this situation is analogous to our decision in *Price v. Little Rock Packaging Co.*, 42 Ark. App. 238, 856 S.W.2d 317 (1993), in which we reversed the Commission's denial of benefits for a hernia where the claimant initially attributed severe groin pain that he felt while lifting paper at work to a fall that he suffered two months earlier and, like Cooper, had listed the earlier date as the date of the injury on his claim form. We are mindful of the fact that Price's treating physicians testified to a high degree of medical certainty that the hernia occurred when he felt the groin pain, and not two months earlier, and we do not have equivalent medical evidence in this case. Nevertheless, because the evidence is clear that Cooper suffered the severe groin pain and other related symptoms only on April 13, and because, even as we give it its greatest probative force, Cooper's report of the earlier incident does not establish either medically or factually that his hernia occurred on that date, we hold that the Commission erred in failing to find Cooper's hernia compensable and refusing to award benefits.

Reversed and remanded for award of benefits.

HART, ROBBINS, NEAL, GRIFFEN, and CRABTREE, JJ., agree.

JENNINGS, PITTMAN, JJ., and STROUD, C.J., dissent.

JOHN E. JENNINGS, Judge, dissenting. The critical issue in this case is whether Mr. Cooper's hernia occurred on April 11 or April 13. This question is one of fact. Our standard of review requires that we affirm the Commission's decision on questions of fact if they are supported by substantial evidence. *Oliver v. Guardsmark*, 68 Ark. App. 24, 3 S.W.3d 336 (1999). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Min-Ark Pallet Co. v. Lindsey*, 58 Ark. App. 309, 950 S.W.2d 468 (1997). On appellate review, we must view the evidence in the light most favorable to the findings of the Commission and give the testimony its strongest probative force in favor of the action of the Commission. *Buford v. Standard Gravel Co.*, 68 Ark. App. 162, 5 S.W.3d 478 (1999). The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Oliver v. Guardsmark, supra.*

The Commission's opinion noted that Dr. Rushing's notes state that Mr. Cooper "felt like he pulled a muscle in the stomach and then a couple of days later was picking up some 100-pound bags and felt a little bit more pain and then just a few days before coming into the office felt like he had some swelling in the groin." Mr. Cooper testified:

> I told — Ms. Griffin — she asked me when I first got hurt, and I knew that Saturday night I had gotten hurt, and I hadn't seen a doctor and had no idea what was wrong with me or what. I figured it was a hernia. So, I told her about the Saturday night incident so I could get the right diagnosis from a doctor, have — you know, I wanted to be up front and truthful about the whole thing, so I told her about the pain Saturday night, too, — that would help the doctors out or anything like that. I told her about that just to tell her everything.

The claim form Mr. Cooper filed listed April 11 as the date of the injury. In his first recorded statement given to the insurance adjustor, Mr. Cooper indicated that April 11 was the date of his injury and that he began experiencing pain in his stomach on that date and that the pain got progressively worse. Finally, Dr. Bowden's April 30 office notes indicate that Mr. Cooper first noticed a discomfort in his right groin on April 11.

Obviously, there is no way of knowing, with absolute certainty, precisely when Mr. Cooper's hernia occurred. But based on the statements of the claimant himself and the history given to his doctors, reasonable minds could surely conclude that the hernia occurred on April 11. I respectfully dissent.

STROUD, C.J., and PITTMAN, J., join in this dissent.