49 S.W.3d 667 (2001)
74 Ark.App. 428
WAL-MART STORES, INC., and Claims Management, Inc.,
v.
Judy STOTTS.
No. CA 00-1468.
Court of Appeals of Arkansas, Division III.
July 5, 2001.
*668 Mike Roberts and J.R. Wildman, Little Rock, for appellant.
John Bartlett, Jonesboro, for appellee.
TERRY CRABTREE, Judge.
The appellants, Wal-Mart Stores, Inc. ("Wal-Mart"), and Claims Management, Inc., appeal from an order of the Arkansas Workers' Compensation Commission in which the Commission affirmed an Administrative Law Judge's (ALJ) finding that appellee, Judy Stotts, sustained a compensable injury. Appellee is employed in the accounting department of appellant, Wal-Mart. On September 10, 1999, while going to the back of the store to get supplies, appellee slipped on some water on the floor in front of the shoe department and fell on her face and left leg. Appellee sustained a busted lip and a visible bruise on her leg. Immediately after the fall, claimant began limping. Appellee continued working and did not seek medical treatment until October 6, 1999. Appellee has continued to work at all times. Appellee was examined by Dr. David Thrash, a chiropractor, who examined and x-rayed appellee. Appellee learned from Dr. Thrash that her problems were due to a back injury. One of Dr. Thrash's findings was that appellee suffered a lumbar subluxation. Appellee notified management that she required medical treatment. Appellee was then sent to Dr. James Meredith, *669 at the request of Wal-Mart. Dr. Meredith diagnosed an acute lumbar strain and prescribed medications. Appellee then requested a change of physician. Appellants then controverted the claim in its entirety.
The ALJ found that on September 10, 1999, appellee sustained a compensable injury established by medical evidence supported by objective findings, that appellee's medical treatment was causally related to her September 10, 1999, injury, that the change of physician provisions do not apply, and that there were no violations of appellant's due process rights with respect to the Medical Cost Containment Division's order of a change of physician prior to a determination of compensability. The Commission affirmed and adopted the ALJ's findings. Appellant appeals, arguing that there was not sufficient evidence to support the Commission's decision. We affirm.
When reviewing a decision of the Arkansas Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. Clark v. Peabody Testing Serv., 265 Ark. 489, 579 S.W.2d 360 (1979). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Crossett Sch. Dist. v. Fulton, 65 Ark.App. 63, 984 S.W.2d 833 (1999). The issue is not whether this court might have reached a different result from the Commission. Malone v. Texarkana Pub. Schs., 333 Ark. 343, 969 S.W.2d 644 (1998). If reasonable minds could reach the result found by the Commission, we must affirm the decision. Bradley v. Alumax, 50 Ark. App. 13, 899 S.W.2d 850 (1995). In making our review, we recognize that it is the function of the Commission to determine credibility of witnesses and the weight to be given their testimony. Stephens Truck Lines v. Millican, 58 Ark.App. 275, 950 S.W.2d 472 (1997).
Appellants argue that the Commission erred in finding that appellee sustained a compensable injury as appellee failed to present medical evidence supported by objective findings. "A compensable injury must be established by medical evidence supported by `objective findings.'" Ark.Code Ann. § 11-9-102(4)(D) (Supp.1999). "Objective findings are those findings which cannot come under the voluntary control of the patient." Ark.Code Ann. § 11-9-102(16)(A)(i) (Supp.1999). Objective medical evidence is necessary to establish the existence and extent of an injury but not essential to establish the causal relationship between the injury and work-related accident. Wal-Mart Stores, Inc. v. VanWagner, 337 Ark. 443, 990 S.W.2d 522 (1999). In the present case, Dr. Thrash diagnosed appellee with "lumbalgia, radiculitis, lumbar subluxation." Dr. Thrash's report contained no qualifying words, such as, maybe or possibly, regarding appellee's injury. Dr. Thrash simply found that appellee had suffered the injuries. We hold that Dr. Thrash's report constitutes substantial evidence supporting the Commission's finding that appellee sustained a compensable injury.
Next, appellants argue that the Commission erred in finding appellee's alleged injury was causally related to her work-related incident. A "compensable injury" is one "arising out of and in the course of employment..." Ark.Code Ann. § 11-9-102(4)(A)(i). Thus, in order to prove a compensable injury appellee must prove, among other things, a causal relationship between the injury and the employment. McMillan v. U.S. Motors, 59 Ark.App. 85, 953 S.W.2d 907 (1997). It is *670 not essential that the causal relationship between the accident and the disability be established by medical evidence. Crain Burton Ford Co. v. Rogers, 12 Ark.App. 246, 674 S.W.2d 944 (1984). There will be circumstances where medical evidence will be necessary to establish that a particular injury resulted from a work-related incident but not in every case. Wal-Mart Stores, Inc. v. VanWagner, supra. "On the case as a whole, `if the claimant's disability arises soon after the accident and is logically attributable to it, with nothing to suggest any other explanation for the employee's condition, we may say without hesitation that there is no substantial evidence to sustain the commission's refusal to make an award.'" Min-Ark Pallet Co. v. Lindsey, 58 Ark.App. 309, 950 S.W.2d 468 (1997) (quoting Hall v. Pittman Constr. Co., 235 Ark. 104, 357 S.W.2d 263 (1962)). The ALJ found that "the claimant's credible testimony, together with the observations of supervisory personnel that claimant began limping immediately after the September 10, 1999, slip and fall, together with the medical opinion on record clearly establishes the causal connection." We agree, and hold that there was substantial evidence to support the Commission's finding that appellee's need for medical treatment beginning October 7, 1999, was directly and causally related to the September 10, 1999, admitted incident.
Finally, appellants argue that the Medical Cost Containment Division's decision to grant a change of physician exceeded its authority and violated their constitutional rights. Appellants assert that after they controverted appellee's claim, that the Medical Cost Containment Division granted appellee a change of physician without a hearing, and such a decision violated their constitutional right to due process. The Commission affirmed the ALJ's finding that there had been no violation of appellants' constitutional rights. Clearly, after a hearing on compensability was held, appellants would not have been responsible for Dr. Thrash's medical treatment if it was determined that appellee's injury was not compensable. Thus, we hold that appellants' constitutional rights were not violated. Appellants further assert that only ALJs or referees can order an award of a change of physician, and thus the Medical Cost Containment Division was without authority to order such an award. We hold that this argument is without merit as appellants initially accepted appellee's claim as compensable, and even helped appellee fill out a change-of-physician form. Thus, appellants acquiesced to the change. Further, Ark.Code Ann. § 11-9-514(a)(2)(B) (Supp.1999), provides that if a claimant desires a change of physician to a chiropractic physician the claimant may make the change by giving advance written notification to the employer. In this case, appellee gave appellants advance written notice of her desire to change to Dr. Thrash. Therefore, the Commission committed no error.
Affirmed.
ROBBINS and GRIFFEN, JJ., agree.