Henry PRICE v. LITTLE ROCK PACKAGING
COMPANY

CA 92-1294                                            856 S.W.2d 317

Court of Appeals of Arkansas
Division II
Opinion delivered June 30, 1993

*Wright, Lindsey & Jennings*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Henry J. Price appeals from a decision of the Arkansas Workers' Compensation Commission which found that appellant had failed to prove by a preponderance of the evidence that he suffered a compensable hernia on April 26, 1990. Because we agree with appellant's contention that the Commission's decision was not supported by substantial evidence, we reverse and remand to the Commission for an award of benefits.

In February of 1990, appellant tripped and fell at work, but reported no injury from this fall. Appellant testified that on April 26, 1990, when he was lifting loads of paper, he felt an "awful pain" in his side, in the groin area. He said he told a co-worker, then went to report to his supervisor, Allen Timms, and the personnel director, Shirley Johnson. Ms. Johnson filled out a report and made an appointment for appellant at the hospital the next day. At the time he reported his injury, appellant attributed the pain to his fall in February. After seeing a physician, appellant underwent surgery for hernia repair, and was off work from April 27, 1990, through July 24, 1990. Appellant sought temporary total disability benefits and medical and related expenses.

The Commission found that appellant failed to prove by a preponderance of the evidence that he suffered a compensable hernia while working for respondent in April of 1990. The Commission further stated that appellant failed to report to his employer or his physician an incident occurring on April 26, 1990.

The findings of the Commission must be upheld unless there is no substantial evidence to support them. *Arkansas Department of Correction* v. *Glover*, 35 Ark. App. 32, 812 S.W.2d 692 (1991). We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *International Paper Co.* v. *Tuberville*, 302 Ark. 22, 27, 786 S.W.2d 830 (1990); *see*

*also Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

The requirements for establishing compensability of a hernia are set forth at Ark. Code Ann. § 11-9-523 (1987):

> (a) In all cases of claims for hernia, it shall be shown to the satisfaction of the commission:
>
> (1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;
>
> (2) That there was sever pain in the hernial region;
>
> (3) That the pain caused the employee to cease work immediately;
>
> (4) That notice of the occurrence was given to the employer within forty-eight (48) hours thereafter;
>
> (5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence.

Because appellant first attributed his pain to his fall in February, that date was listed as the date of injury when the report was filled out. Appellant also did not complain to his physician of any injury occurring on April 26, 1990. However, even though appellant attributed his pain to the fall in February, his treating physician testified that he would say "with a high degree of medical certainty" that appellant's hernia occurred on the day in April when appellant had the right groin pain, and not two months earlier.

In *Siders* v. *Southern Mattress Company*, 240 Ark. 267, 398 S.W.2d 901 (1966), the Commission's opinion denying benefits stated:

> Claimant did mention to his employer that his stomach was hurting, but according to the employer, claimant did not give any history of hurting himself on the job. Claimant went to Dr. Wenger that same day and Dr. Wenger's testimony is that 'I have no record of any history of any specific injury . . . .' Claimant's failure to tell his em-

ployer of an on-the-job accident plus his failure to tell Dr. Wenger of any specific incident raises a serious question as to whether claimant in fact suffered an injury as alleged.

240 Ark. at 269. In reversing the denial of benefits, the supreme court said:

> The commission imposed a heavier burden on appellant than the law calls for. Just as the Act does not require an immediate diagnosis, it also does not require that the claimant insist that the doctor's history contain the gory details of the occurrence . . . . Appellant has established a prima facie case. From all the circumstances, there is no question but that the employer had timely and proper notice of the occurrence that caused the hernia. There is not substantial evidence to the contrary. Appellant is not required to give notice that he has a hernia—he is not a doctor—the statute merely requires that appellant give notice of the occurrence which resulted in a hernia.

240 Ark. at 269-271.

Allen Timms, appellant's supervisor, testified that appellant came to him on April 26, 1990, and stated that he was "hurting pretty bad," and that appellant said he had been "cutting back there on the knife and as he was bending over and straightening up and all and he got to hurting pretty bad, and didn't think he could continue to run it." Shirley Jones, personnel director for appellee, said that when appellant came to her to make his report, "he had said that his pain was quite bad, and he was holding his stomach."

◼ Appellant notified his employer of the occurrence resulting in a hernia when he told Allen Timms that he "got to hurting pretty bad" while bending and straightening over the knife. The employer had timely and proper notice of the occurrence that caused the hernia. We do not think that fair-minded persons with the same facts before them, could have concluded that appellant failed to prove by a preponderance of the evidence that he suffered a compensable hernia on April 26, 1990. We reverse and remand for proceedings not inconsistent with this opinion.

Reversed and Remanded.

COOPER and MAYFIELD, JJ., agree.