Bobby FORREST *v.* Milton FORD, Andrew Jefferies, and
Andrew Jefferies Realty and Bail Bonding Company

95-1204                                                918 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered March 25, 1996

*Willard Proctor, Jr.*, for appellant.

No response.

DONALD L. CORBIN, Justice. Appellant, Bobby Forrest, appeals
the judgment of the Pulaski County Circuit Court in favor of
separate appellees, Milton Ford, Andrew Jefferies, and Andrew Jef-
feries Realty and Bail Bonding Company, on appellant's complaint

for negligent, intentional, and reckless conduct. For reversal, appellant contends the trial court erred in instructing the jury on the defense of justification. This case presents a question about the law of torts. Jurisdiction is therefore properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(16).

Evidence presented at trial revealed the following facts. Appellant entered into a bail-bond agreement with appellees Milton Ford and Andrew Jefferies Realty and Bail Bonding Company under which bond was posted on appellant's behalf with the Jacksonville Municipal Court. After receiving notice that appellant failed to appear in circuit court, appellee Ford, a licensed bail bondsman and agent of Andrew Jefferies Realty and Bail Bonding Company, began to search for appellant. Appellant ran from Ford, and a chase ensued through a residential neighborhood. Ford fired one or two warning shots into the air and then fired at appellant's shoulder. While running from Ford, appellant felt pain in his shoulder from the gunshot and then fell and injured his ankle. Appellant sought recovery for medical expenses, pain and suffering, and punitive damages associated with the ankle and shoulder injuries he sustained in the chase.

The subject of this appeal is a jury instruction that appellant describes as stating the justification defense. The challenged instruction was given to the jury over appellant's objection and stated as follows:

> The defendant in this case claims his actions were justified and had the burden of proving each of four essential propositions:
>
> First, that the defendant was a law enforcement officer;
>
> Second, that the defendant reasonably believed that the use of such force was necessary to effect an arrest of the plaintiff or to prevent the escape from custody of the plaintiff;
>
> Third, at the time the defendant used such force, he was making an arrest of the plaintiff or preventing the escape from custody of the plaintiff; and
>
> Four, the defendant reasonably believed the plaintiff had committed or attempted to commit a felony.

A felony is a criminal offense which has been defined by law to be a felony.

A law enforcement officer is a person vested by law with duty to maintain public order or to make an arrest for an offense.

(Arkansas Code Annotated 5-2-610(b)(1), Arkansas Code Annotated 5-1-102(12) and (16)(b), Arkansas Code Annotated 5-1-106(a), A.R.Cr.P. 1.6(a), Ark. Attorney General Opinion Number 78-42)

Appellant does not challenge the content or the applicability of this instruction to this case. Rather, he argued below and now argues on appeal that, because Ford pleaded guilty to third-degree battery in the criminal proceeding that arose from the chase and shooting incident and did not raise the justification defense in the criminal proceeding, he is estopped from raising the justification defense in this subsequent civil proceeding. None of the appellees filed a brief in this appeal.

The premise of appellant's argument is that Ford could have but did not raise the justification defense in a previous criminal proceeding. While the record indicates the trial court granted a motion in limine to exclude references to the fact that Ford was charged or convicted of a crime, and while the record also indicates there was a bench discussion during this civil trial about Ford's guilty plea, the record also indicates that an order of expungement, which was entered of record in the criminal proceeding, was proffered by the defense at this civil trial and states that, under Act 346 of 1975, Ford was discharged without court adjudication of guilt and was exonerated of any criminal purpose. The order of expungement states further that Ford may reply in the negative to questions pertaining to past criminal convictions in instances wherein his civil right or liberty may be affected. Thus, it is not clear without further research, and appellant does not address, what effect, if any, the order of expungement entered pursuant to Act 346 of 1975 has on the premise of appellant's argument. We will not do appellant's research for him. *Firstbank of Arkansas v. Keeling*, 312 Ark. 441, 850 S.W.2d 310 (1993).

We find no error on the argument presented and affirm the judgment.