Glen ESTES *v.* CEDAR CHEMICALS

CA 95-594                                    925 S.W.2d 444

Court of Appeals of Arkansas
En Banc
Opinion delivered July 3, 1996
[Petition for rehearing denied August 14, 1996.*]

*Mayfield, J., would grant.

*The Whetstone Law Firm, P.A.*, by *Gary Davis*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Frank B. Newell*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Glen Estes suffered a compensable shoulder injury and burns while working for appellee Cedar Chemical Company on September 25, 1989. Appellee accepted responsibility for a 19% permanent impairment rating, but Mr. Estes filed for additional benefits, specifically contending that he was entitled to a 25% increase in compensation because his injuries resulted from a safety violation by the appellee. He also claimed that he was entitled to wage-loss benefits in excess of his permanent anatomical impairment rating. The Commission denied Mr. Estes' claim for additional benefits, finding that he failed to prove a safety violation by clear and convincing evidence, and that he failed to establish entitlement to wage-loss benefits because he had the ability to return to work for the appellee at the same wages he was earning prior to the accident. Mr. Estes now appeals, asserting that neither of these findings was supported by substantial evidence. We affirm.

When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *City of Fort Smith* v. *Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

Mr. Estes testified on his own behalf that he began working for

the appellee in 1984 as a lead operator. He stated that, at the time of the accident, he was earning $11.43 per hour and working about 10 hours of overtime per week. His job included filling large drums with agricultural chemicals. These chemicals were contained in a reactor that was about two stories in height.

On September 25, 1989, Mr. Estes was working in close proximity to the reactor when it ignited. Upon noticing the ignition, Mr. Estes tried to run to safety. However, before he could clear the area the reactor exploded and knocked him down. As a result, he received severe burns and a shoulder injury. The medical evidence showed that he is 17% anatomically impaired as a result of the burns and 2% anatomically impaired because of the shoulder injury.

Mr. Estes acknowledged that an OSHA investigation of the accident did not establish a cause for the explosion. However, he noted that he was working alone at the time of the accident and the normal procedure was to work in two-man shifts. He testified that, because he was working alone, he was unable to monitor the temperature of the reactor. In addition, Mr. Estes asserted that, immediately prior to his work shift, a nickel-sized hole in the reactor had been repaired with a product called Devcon. He stated that this product is supposed to dry in 24 hours, but that a heat lamp was placed inside the reactor which purported to cure the Devcon in only 6 hours.

Since the accident, Mr. Estes has returned to work for the appellee as a storeroom clerk at exactly the same hourly rate that he was making before the injury. However, he testified that he now receives little or no overtime. Mr. Estes acknowledged that the appellee has offered him his old job of lead operator and that he is probably able to physically perform the job. Nevertheless, he declined to accept a job as lead operator for fear of another accident.

For reversal, Mr. Estes first argues that he should have been awarded a 25% increase in compensation because his injuries were the result of a safety violation. He cites Arkansas Code Annotated § 11-9-503 (1987), which provides:

> Where established by clear and convincing evidence that an injury or death is caused in substantial part by the failure of an employer to comply with an Arkansas statute or

official regulation pertaining to the health or safety of employees, compensation provided for by § 11-9-501 (a)-(d) shall be increased by twenty-five percent (25%).

Mr. Estes also refers to Arkansas Code Annotated § 11-2-117 (1987), which provides that an employer has a duty to provide a "safe work place." He now contends that the court erred in refusing to allow the statutory award because he proved by clear and convincing evidence that his injury was substantially occasioned by his employer's failure to provide a safe work place.

Specifically, Mr. Estes points to the OSHA investigative report. This report identifies three possible causes of the explosion: (1) faulty repair of the hole in the reactor, (2) introduction of other material in the reactor, or (3) overheating of the reactor. Mr. Estes argues that any of the above three causes would amount to a safety violation. According to Mr. Estes, the faulty repair of the hole and the introduction of foreign material into the reactor would both constitute safety violations. Also, he contends that overheating would constitute a safety infraction because the appellee never instructed its employees about the dangers of overheating and he was working alone on the day of the accident, thus preventing him from adequately monitoring the temperature.

Mr. Estes fails to recognize that, in later OSHA reports, the first two possibilities for the explosion were ruled out. Thus, it would appear that the most likely cause of the explosion was overheating. If this was the cause, it would seem that a safety violation may have taken place. This is because, after the OSHA investigation, OSHA advised appellee that it had failed to properly clarify to employees the hazards of extreme temperatures. In fact, there was evidence that an alarm was going off before the accident which indicated a high temperature, but that Mr. Estes continued to work under the assumption that the high temperature caused no threat. Even if employees had been informed about this danger, Mr. Estes may have had a difficult time avoiding injury because he was working alone and could not properly monitor the temperature.

Despite the fact that the appellee may have failed to educate its employees as to the hazards of overheating, the specific cause of the explosion was never isolated in the OSHA reports. An OSHA report listed three possible causes for the accident, but it also

stated that these were only the "three main areas of potential cause." It is possible that something else caused the accident and was not discovered, and because the specific cause of the accident was never ascertained with any degree of certainty, we cannot say that substantial evidence does not support the Commission's finding that Mr. Estes failed to meet his burden of proving by clear and convincing evidence that his injuries were substantially occasioned by a safety violation.

Mr. Estes' remaining argument is that the Commission erred in finding that he was not entitled to wage-loss compensation. He notes that, while he is now working at the same hourly rate as before the accident, he has lost income because he no longer works overtime. Mr. Estes asserts that it is of no consequence that he is probably physically able to perform his old job because his reasonable fear of another accident prohibits him from doing so.

■ Had the appellee not offered Mr. Estes his former job upon completion of his healing period, he would have had a claim for wage-loss disability due to the reduced hours that he is able to work as a storeroom clerk. Nevertheless, the appellee has established that, by offering him his former job, it has presented Mr. Estes with a "bona fide and reasonably attainable offer" to be re-employed at the same weekly wage as he was receiving before the accident pursuant to Ark. Code Ann. § 11-9-522(b) (1987). Mr. Estes claims that he is mentally incapable of returning to that job. However, he presented no medical evidence to support his claim that his psychological condition prevents him from doing so. Significantly, Mr. Estes never alleged a compensable psychological injury. The appellee did all that it was required to do by offering Mr. Estes his former job and the Commission correctly determined that Mr. Estes could have returned to it had he so desired. Thus, he was given a bona fide offer of attainable employment at the same wages, and is not entitled to wage-loss disability benefits.

Affirmed.

PITTMAN, STROUD, and NEAL, JJ., agree.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the majority opinion in this case.

Glen Estes, the claimant-appellant, was severely burned when

a chemical reactor exploded and almost completely destroyed the multi-story building he was working in.

The administrative law judge held that (1) appellant had failed to demonstrate, by clear and convincing evidence, that his injury was caused by the failure of the employer to provide a safe work environment; and (2) appellant had returned to work for appellee earning the same wages he earned at the time of the accident and, therefore, was not entitled to wage-loss disability in excess of his permanent anatomical impairment. The Commission affirmed and adopted the opinion of the administrative law judge.

I agree to affirm on point one because it is a question of fact for the Commission. However, the appellant also argues that the Commission's denial of wage-loss disability is not supported by substantial evidence, and I cannot agree to affirm on that point.

Appellant testified that at the time of the accident he was making $10.93 per hour, plus an additional fifty cents an hour, normally worked 42 ½ hours per week at a minimum, and, in addition, he worked 20 to 25 hours overtime every week. When he returned to work after his injury he asked not to be assigned back to the reactor because he had a terrible fear of being in another explosion. He was then given a job as a storeroom clerk and was also paid $10.93, plus fifty cents an hour; however, as a storeroom clerk, he got no raises and no overtime pay.

Appellant also testified that if he had continued working as a reactor operator, his salary would have been over $12 an hour by the time of the hearing. Appellant argues that while his hourly rate of pay is the same as when he was injured, his wages are not the same because he no longer gets overtime and raises.

Arkansas Code Annotated § 11-9-522(b) (1987) provides in part:

> However, so long as an employee, subsequent to his injury, has returned to work, has obtained other employment, or *has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident,* he shall not be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by a preponderance of the medical testimony and evidence. [Emphasis added.]

Relying on the above statute, the appellee argues that the appellant was offered his old job as lead reactor operator, but appellant turned it down. However, Ark. Code Ann. § 11-9-522(b) also provides that an employee shall not be entitled to wage-loss disability if he "has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident." I do not agree that the offer to return appellant to the job where the reactor exploded, destroyed the multi-story building in which it was housed, severely burned the appellant, and caused him a permanent anatomical impairment was a "reasonably obtainable" job offer.

Moreover, Ark. Code Ann. § 11-9-522(c)(1) provides that the employer or its insurance carrier "shall have the burden of proving the employee's receipt of a bona fide offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident."

We will, of course, uphold the findings of the Commission if there is substantial evidence to support those findings; but substantial evidence exists only where reasonable minds could reach the same conclusion reached by the Commission, and reversal is proper if fair-minded persons considering the same facts could not have reached the same conclusion. *Kuhn v. Majestic Hotel*, 324 Ark. 21, 918 S.W.2d 162 (1996); *Price v. Little Rock Packing Co.*, 42 Ark. App. 238, 856 S.W.2d 317 (1993).

I do not believe that the appellee in this case has carried the burden of showing that fair-minded persons would conclude from the facts in this case that the appellee's offer to let the appellant go back to work as a lead reactor operator constituted a "reasonably obtainable" offer. While the old job may have been *obtainable*, I do not think it is *reasonable* to expect an employee to go back to the job on the reactor which he fears may blow up again. Therefore, from the employee's viewpoint, the old job is not *reasonably* obtainable, and I do not believe that the employer proved otherwise.

Therefore, I dissent.

COOPER, J., joins in this dissent.