Michelle WILLIAMS *v.* PROSTAFF TEMPORARIES

CA 97-1418                                    979 S.W.2d 911

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered November 18, 1998

[Petition for rehearing denied December 23, 1998.]

*Lane, Muse, Arman & Pullen*, by: *Shannon Muse Carroll*, for appellant.

*Matthews, Sanders & Sayes*, by: *Margaret M. Newton* and *Gail O. Matthews*, for appellee.

WENDELL L. GRIFFEN, Judge. Michelle Williams brings this appeal from the Arkansas Workers' Compensation Commission. The Commission found that Williams failed to prove by a preponderance of the evidence: (1) that she was entitled to additional temporary total disability benefits and (2) that she was entitled to medical treatment by Dr. Ted Saer. On appeal, Williams asserts that she did show, by substantial evidence, that she was entitled to additional temporary total disability benefits and that she was entitled to medical treatment by Dr. Ted Saer. We affirm the Worker's Compensation Commission and hold that the Commission's opinion displays a substantial basis for the denial of relief. Appellant failed to prove a causal relationship between her complaints after March 30, 1996, and the October 14, 1995, compensable injury. Further, we believe that the Commission made adequate findings for appellate review.

Williams sustained a compensable back injury on October 14, 1995, while working on assignment from Prostaff Temporaries at Amoco Foam. She had worked for approximately two months making styrofoam plates when she twisted her back while attempting to lift a four-and-one-half-foot-tall stack of styrofoam plates in a bag onto a table.

She reported the injury to her supervisor, who took her to the Hot Spring County Memorial Hospital Emergency Room for treatment. The treating doctor, Dr. William Highsmith, referred her to Dr. Vivian Highsmith, who then referred her to Dr. Bruce Safman, who diagnosed her condition as an inflammation of her back and treated her with an injection.

Prostaff Temporaries referred appellant to Dr. Kevin McLeod, who took x-rays, performed a CAT scan, and prescribed two weeks of physical therapy. Dr. McLeod then referred appellant back to Dr. Vivian Highsmith, who referred her to Dr. Ted Saer. The employer contended that the treatment with Dr. Saer was unreasonable and unnecessary and that appellant was not entitled to temporary total disability benefits.

The Commission found that appellant failed to prove by a preponderance of the evidence that any abnormality she may have experienced since March 30, 1996, was causally related to the relatively minor injuries sustained on October 14, 1995. Acknowledging that an MRI report indicated that appellant sustained a disk protrusion, the Commission's opinion also stated that "even if the protrusion did in fact exist, we find that the claimant failed to prove by a preponderance of the evidence that the protrusion is causally related to her injury on October 14, 1995, or that the protrusion is consistent with her complains (*sic*)."The Commission's findings are adequate for appellate review. The law requires that the Commission render findings adequate for appellate review. *See Willmon v. Allen Canning Co.*, 38 Ark. App. 105, 828 S.W.2d 868 (1992). This does not require the Commission to render findings on every conceivable point of contention and dispute between the parties.

The only issue for appellate review is whether or not the Commission's decision is supported by substantial evidence. The Commission stated that the appellant's CAT scan did not detect the disk protrusion referred to by the MRI report. The Commission's opinion also favorably discussed Dr. Russell's opinion that appellant had:

> ample time for medical improvement based upon the proposed diagnosis of the lumbar strain. I see no other lesions that could contribute to her pain. Certainly nothing on the MRI scan would relate to a work type accident. Short of a work hardening type program, I see no further therapy indicated . . . and would release her to return to work with no restrictions and no rating impairment.

■ We view the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's findings and affirm the decision if the findings are supported by substantial evidence. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* If reasonable minds could reach the Commission's decision, we must affirm the decision. *Id.* It is the exclusive function of the Commission to determine the credibility of witnesses and the weight to be given their testimony. *Kuhn v. Majestic Hotel*, 50 Ark. App. 23, 899 S.W.2d 845 (1995). This court may reverse the decision of the Workers' Compensation Commission only when convinced fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *Tiller v. Sears, Roebuck & Co.*, 27 Ark. App. 159, 767 S.W.2d 544 (1989).

■ ■ The issue of whether or not there was objective evidence arises when determining whether an injury is compensable. Ark. Code Ann. § 11-9-102(5)(D) (Supp. 1997); *see also* Ark. Code Ann. § 11-9-704(c)(1)(B) (Repl. 1996). The law concerning medical treatment and temporary total disability benefits does not concern itself with whether there were objective findings of an injury because that question applies to compensability and impairment determinations. On the record before us, we conclude that there is substantial basis for the Commission's decision that appellant did not prove a causal relationship between her claims for additional medical treatment and temporary liability benefits and the compensable injury.

Affirmed.

ROGERS, CRABTREE and MEADS, JJ., agree.

PITTMAN and AREY, JJ., would reverse.

JOHN MAUZY PITTMAN, Judge, dissenting. I dissent because the Workers' Compensation Commission failed to make findings on an outstanding issue. The majority opinion begins with the statement that the Commission found that appel-

lant "failed to prove by a preponderance of the evidence: 1) that she was entitled to additional temporary total disability benefits and 2) that she was entitled to medical treatment by Dr. Ted Saer." That statement is incorrect. Although entitlement to medical treatment by Dr. Saer was in fact placed in issue before the Commission, the Commission made no mention whatsoever concerning that issue in its opinion. As such, we have nothing before us to review with regard to that issue at this time.

The appellant requested two forms of relief before the administrative law judge: temporary total disability benefits, and additional medical treatment by Dr. Saer for pain management. The administrative law judge denied the claim, finding that appellant was not entitled to temporary total disability benefits because objective findings were lacking, and that additional medical treatment for pain would not be reasonable and necessary. This decision was appealed to the Commission, which also denied the claim. In so doing, however, the Commission did *not* adopt the administrative law judge's opinion, and found only that appellant was not entitled to temporary total disability benefits because objective findings were lacking; no findings were made regarding entitlement to additional medical treatment for pain. This is apparent from a review of the Commission's findings, which are reproduced in their entirety below:

> In short, we find that the claimant failed to prove by a preponderance of the evidence that any abnormalities she may have experienced since March 30, 1996, are causally related to the relatively minor injury sustained on October 14, 1995. We realize that the MRI report prepared by Dr. Harshfield indicates that there was a disc protrusion. However, that interpretation was contradicted by Dr. Russell and by the CT scan of November 3, 1995. Consequently, even if the protrusion did in fact exist, we find that the claimant failed to prove by a preponderance of the evidence that the protrusion is causally related to her injury on October 14, 1995, or that the protrusion is consistent with her present complaints.

In short, the Commission found that appellant failed to prove that her disc protrusion (being the only objective finding supporting her injury) was causally related to her work injury. This adequately supports the denial of temporary total disability benefits, because Ark. Code Ann. § 11-9-704(c)(1)(B) requires that any determination of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings. But what about her claim for additional medical benefits for pain? The Commission certainly did not find that appellant failed to prove she sustained a compensable injury; as the administrative law judge noted, the parties *stipulated* that appellant sustained a compensable injury, and a claimant is not required to prove disability in order to obtain medical treatment. In fact, medical treatment for continued pain has been awarded *after* the end of the healing period. *Georgia-Pacific Corp. v. Dickens*, 58 Ark. App. 266, 950 S.W.2d 463 (1997). Therefore, the Commission's comments regarding the lack of objective findings to support an award of disability benefits tell us nothing about appellant's claim for additional medical treatment for pain. We do not know if this claim was denied because the Commission believed that appellant was not experiencing any pain, or because appellant failed to prove that her pain resulted from her admittedly compensable injury, or because the proposed treatment for her pain was not reasonable and necessary. Of more significance, perhaps, is the fact that, because the Commission never even acknowledged in its opinion that entitlement to continuing medical treatment was an issue before it in the proceeding below, we are unable to say with any certainty that the Commission actually decided this issue. Perhaps they considered it to be barred by some procedural default. Or perhaps they merely overlooked it.

On the record before us, all we can tell regarding this issue of entitlement to additional medical treatment for pain is that the Commission may or may not have decided the issue and that, if the Commission did decide the issue, it may have decided it adversely to appellant for some reason.

I agree with the majority's statement that the Commission is not required to make findings on every conceivable issue. However, the Commission should at least state in its opinion what issues are to be decided, and how those issues were resolved, and why those issues were resolved in that manner. We have said that:

> The Arkansas Workers' Compensation Commission is not an appellate court. It is, instead, the factfinder, and as such its duty and statutory obligation is to make specific findings of fact, on de novo review based on the record as a whole, and to decide the issues before it by determining whether the party having the burden of proof on an issue has established it by a preponderance of the evidence.

*White v. Air Systems, Inc.*, 33 Ark. App. 56, 59, 800 S.W.2d 726, 728 (1990) (citations omitted). In carrying out its duty to find the facts, the Commission is required to:

> make findings sufficient to justify that denial. *Wright v. American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). A satisfactory, sufficient finding of fact must contain all the specific facts relevant to the contested issue or issues so the reviewing court may determine whether the Commission has resolved these issues in conformity with the law. *Id.* The Commission must find as facts the basic component elements on which its conclusion is based. *Cagle Fabricating & Steel, Inc. v. Patterson*, 309 Ark. 365, 830 S.W.2d 857 (1992).

*Shelton v. Freeland Pulpwood*, 53 Ark. App. 16, 17, 918 S.W.2d 206, 206-207 (1996). The Commission's opinion in the case at bar falls woefully short of these minimum requirements and, consequently, cannot be reviewed by us in any meaningful way. I would reverse and remand for the Commission to make findings of fact sufficient for us to determine whether it resolved this issue in conformity with the law.

I respectfully dissent.

AREY, J., joins in this dissent.