Michelle WILLIAMS *v.* PROSTAFF TEMPORARIES

98-1443                                           988 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered March 4, 1999

Lane, Muse, Arman & Pullen, by: *Shannon Muse Carroll*, for appellant.

*Matthews, Sanders & Sayes*, by: *Margaret M. Newton* and *Gail O. Matthews*, for appellee.

RAY THORNTON, Justice. On October 14, 1995, while working at Amoco Foam, a temporary job obtained through appellee, Prostaff Temporaries, appellant, Michelle Williams, injured her back while moving a stack of foam plates. After receiving treatment for this injury, appellant was released to return to work without limitations and after returning to work appellant sought additional treatment and temporary total disability benefits. The Arkansas Workers' Compensation Commission denied these requests and we affirm. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 2-4 (1998). Specifically, we accepted this case on a petition for review of a decision issued by the court of appeals on November 18, 1998.[1]

Following appellant's injury at Amoco, her supervisor took her to the emergency room, where she received treatment from Dr. William Highsmith. Dr. Highsmith referred appellant to Dr. Vivian Highsmith. After treating appellant with medication and bed rest, Dr. Vivian Highsmith referred appellant to Dr. Bruce Safman, an orthopaedic surgeon, in Little Rock. Dr. Safman gave appellant a shot for what he called inflammation of the back. Appellant was notified by appellee's workers' compensation insurance provider that treatment by Dr. Safman would not be covered. However, the provider referred appellant to Dr. Kevin McLeod, a physician at the Bone and Joint Clinic in Arkadelphia. Dr.

---

[1] *Reporter's note:* See *Williams v. Prostaff Temporaries*, 64 Ark. App. 128, 979 S.W.2d 911 (1998).

McLeod took x-rays, performed a CAT scan, and prescribed two weeks of physical therapy for appellant. On January 22, 1996, appellant was released from Dr. McLeod's treatment with no limitations and returned to work. Following additional complaints by appellant, Dr. McLeod referred her again to Dr. Vivian Highsmith. Dr. Vivian Highsmith referred appellant to Dr. Edward Saer, an orthopaedic surgeon specializing in spinal disorders in Little Rock. Appellee's workers' compensation insurance provider denied this referral and instead suggested that appellant see Dr. Anthony Russell, a board-certified neurosurgeon. On April 15, 1996, Dr. Russell had an MRI performed on appellant. Upon reviewing the findings of the medical test, Dr. Russell determined that appellant's results were normal and once again returned her to work with no restrictions.

Appellant attempted to receive additional medical treatment from Dr. Saer, as well as temporary total disability benefits from appellee from March 30, 1996, to a date yet to be determined. Appellee denied these requests arguing that they were unreasonable and unnecessary. Appellant filed suit and her case was heard by an Administrative Law Judge (ALJ). The ALJ found for appellee on both issues. Appellant appealed these findings to the Arkansas Workers' Compensation Commission (the Commission). The Commission conducted a *de novo* review of the evidence and addressed the threshold question whether there was a causal connection between the work-related injury and the medical difficulties complained of by appellant. Based upon its findings that such a causal connection did not exist, the Commission affirmed the ALJ's decision. Thereafter, appellant appealed the Commission's decision to the Arkansas Court of Appeals. The court of appeals upheld the Commission's affirmance of the ALJ's decision. Finally, appellant filed a petition for review with this court, which we granted.

Appellant claims that she should have been allowed to receive additional medical treatment and temporary total disability benefits as a result of the injury she suffered at work. In rendering its conclusion denying benefits, the Commission found that appellant had failed to prove by a preponderance of the evidence that any abnormalities she may have experienced since March 30, 1996,

were causally related to the injury sustained on October 14, 1995. The Commission found that Drs. Safman, McLeod, Vivian Highsmith, and Russell did not document any "objective evidence of an injury" suffered by appellant. It further stated that "reports from those doctors set out the claimant's complaints of pain and stiffness and note tenderness over portions of her lower back. However, they do not document any muscle spasms, swelling, bruising, or other objective indications of an injury."

We review a workers' compensation case as though it had originally been filed here. *Gansky v. High Tech Eng'g*, 325 Ark. 163, 168, 924 S.W.2d 790, 794 (1996). We view the evidence in the light most favorable to the Commission's decision and affirm that decision when it is supported by substantial evidence. *Id.* 325 Ark. at 169, 924 S.W.2d at 794. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Ft. Smith v. Brooks*, 40 Ark. App. 120, 124, 842 S.W.2d 463, 465 (1992). The Commission is also given the task of determining the causal connection between a primary injury and additional injuries. *Jeter v. B.R. McGinty Mechical*, 62 Ark. App. 53, 59, 968 S.W.2d 645, 650 (1998). The Commission has the duty of weighing the medical evidence as it does any other evidence, and its resolution of the medical evidence has the force and effect of a jury verdict. *Chamber Door Indus., Inc. v. Graham*, 59 Ark. App. 224, 226, 956 S.W.2d 196, 197 (1997). The Commission has the duty of weighing medical evidence and, if the evidence is conflicting, its resolution is a question of fact for the Commission. *Whaley v. Hardee's*, 51 Ark. App. 166, 168, 912 S.W.2d 14, 15 (1995). The Commission is not required to believe the testimony of the claimant or any other witnesses, but may accept and translate into findings of fact only those portions of testimony it deems worthy of belief. *Id.*

We note that in this case the Commission has fulfilled its obligation to make sufficient factual findings to allow us to conduct a meaningful review. See, *Willmon v. Allen Canning Co.*, 38 Ark. App. 105,106, 828 S.W.2d 868, 869 (1992). Additionally, we agree with the court of appeals' holding that "this does not require the Commission to render findings on every conceivable

point of contention between the parties." *Williams v. Prostaff Temporaries*, 64 Ark. App. 128, 130, 979 S.W.2d 911, 912 (1998).

A review of the Commission's findings support its decision. First, the Commission found that a CT scan performed on appellant on November 3, 1995, showed no evidence of disc herniation or significant degenerative spurring. Next, the Commission found that, according to notes from appellant's physical therapy treatments in October and November of 1996, appellant had no noticeable muscle spasms. Finally, the Commission found that Dr. Russell had reported that appellant's MRI performed on April 15, 1996, was normal, only showing "some mild degenerative changes but no evidence of herniated disc, stenosis, or nerve root compression." Additionally, the Commission noted that Dr. Russell opined that, "Ms. Williams has had ample time for medical improvement based upon the proposed diagnosis of the lumber strain. I see no other lesions that could contribute to her perceived pain. Certainly, nothing on the MRI scan would relate to a work type accident."

Therefore, we hold that the Commission's finding that any abnormalities experienced by appellant after March 30, 1996, were not causally related to the workplace injury suffered on October 14, 1995, is supported by substantial evidence.

Because we have determined that sufficient evidence is present in this case to support the Commission's finding of no causal connection, we also hold that the disposition of this threshold question by the Commission also resolves the issues raised by appellant in this appeal.

Affirmed.