Wilburn L. DANIELS *v.* AFFILIATED FOODS SOUTHWEST

CA 99-1149                                          17 S.W.3d 817

Court of Appeals of Arkansas
Divisions I, III, and IV
Opinion delivered May 31, 2000

*Ivory Law Firm*, by: *Chantel Mullen* and *George S. Ivory, Jr.*, for appellant.

*Dover & Dixon, P.A.*, by: *Joseph H. Purvis*, for appellee.

OLLY NEAL, Judge. Appellant Wilburn Daniels appeals from a decision of the Workers' Compensation Commission finding that he failed to prove by a preponderance of the evidence that he suffered a compensable hernia while employed by appellee, Affiliated Foods Southwest. On appeal, appellant argues that the Commission erred in finding his testimony suspect when the administrative law judge specifically found that his testimony was credible, that the Commission erred in finding that he did not report his injury to appellee within forty-eight hours as required by Ark. Code Ann. § 11-9-523(a)(4) (Repl. 1996), and that the Commission's reading of Ark. Code Ann. § 11-9-523(a)(4) contravenes the case law's construction of how that section is to be read and applied.

Appellant was employed with appellee through a work-release program. On December 4, 1997, appellant sustained a compensable hernia to his right groin area. As a result, appellee paid all reasonable medical benefits associated with that injury. On April 16, 1998, appellant testified that he felt a sharp pain in his groin area after taking a box off of a conveyer belt. He stated that he already had a scheduled doctor's appointment at 1:30 p.m. on that day and that he thought he had reinjured his right-side hernia. Appellant testified

that he soon realized that pain was coming from his left side. He stated that he stopped working at 12:30 or 12:45 p.m., and that he mentioned the pain to his supervisor and asked to go to the company nurse's office to wait for a ride to his doctor's appointment. As appellant sat in the nurse's office, he did not mention to the nurse that he had injured himself.

When appellant went to his scheduled visit with Dr. Steven Williamson, he informed the doctor that he felt a pain in his left side. After conducting an examination, Dr. Williamson diagnosed appellant with a new hernia on the left side. Appellant, however, never stated to Dr. Williamson that he had injured himself at work, and medical records taken that day did not indicate that appellant had suffered his left hernia condition from his employment with appellee. Appellant testified that when he returned to work, he delivered a medical form to the company nurse, which stated that he could not work and perform heavy lifting. At that point, he testified that the company nurse informed him that he would need his own private insurance to cover the medical costs of the new hernia injury. Appellant further testified that when he was injured on the job in December of 1997, he reported the injury to his supervisor and filled out the necessary paperwork to establish a workers' compensation claim. Appellant did not report that his new left hernia condition was work-related until April 21, 1998, which was five days after the new injury.

Butch Atwood, dry shipment supervisor for appellee, testified that he was appellant's supervisor in April of 1998. He testified that appellee had a certain procedure that employees must follow if they are hurt at work and that new employees are instructed about the procedure during an orientation session. Atwood testified that appellant was aware of the procedure, and that appellant did not report a new hernia condition to him on April 16, 1998.

Jana Martin, industrial nurse for appellee, testified that she was responsible for handling paperwork associated with injured employees. Ms. Martin testified that on April 16, 1998, appellant came into her office before going to his doctor's appointment. She stated, however, that appellant did not indicate that he had sustained a new injury or that he was in any pain. Ms. Martin testified that after appellant returned with a medical form from his visit with Dr. Williamson, the form revealed that appellant had a left hernia, but

did not indicate that the left hernia occurred during appellant's employment with appellee.

At a hearing before the administrative law judge, appellant contended that his April 16, 1998, injury was compensable, and that he was entitled to all reasonable and necessary medical treatment related to his injury, temporary total disability, and attorney's fees. Appellee contended that appellant's new hernia condition on the left side of his body was not related to his employment. In finding that the new hernia condition was compensable, the ALJ found that appellant was a credible witness and that although appellant did not give proper notice of his new injury, he did give reasons for not properly reporting the new injury. In noting these reasons, the ALJ made the following assessment:

> [Appellant] is suffering from a prior compensable hernia injury with residual symptoms, and was scheduled for a doctor's appointment on the very day that he experienced additional pain and difficulties in his groin area. He has little or no medical knowledge, therefore he defers to his doctor whom he has already scheduled to see that afternoon at 1:30, to tell him what is going on.

The ALJ found that appellee was given notice of the new injury on the same afternoon after appellant's doctor's appointment and that appellant had established a compensable left hernia condition. The full Commission reversed the ALJ's opinion, finding upon *de novo* review, that appellant failed to prove that he suffered a new compensable injury. The Commission found that appellant was aware of the procedures to follow if a person is injured on the job, and that appellant failed to mention to his supervisor, the company nurse, and his physician that he had injured himself at work. The company nurse testified that appellant spent time in her office before his scheduled doctor's appointment and that he did not report any new injury to her. She testified that she was the person who completed the necessary paperwork for appellant's compensable right hernia condition in December of 1997. The Commission further found that it was significant that appellant's physician did not indicate that appellant had reported the event that caused his left hernia condition, and that appellant's testimony was suspect because he failed to tell anyone that he had suffered a work-related injury before and after being diagnosed with a new hernia condition.

■ On appellate review of workers' compensation cases, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Workers' Compensation Commission and will affirm the Commission's ruling if there is any substantial evidence to support the findings made. *Beaver v. Benton County*, 66 Ark. App. 153, 991 S.W.2d 618 (1999). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Patterson v. Frito Lay, Inc.*, 66 Ark. App. 159, 992 S.W.2d 130 (1999). If reasonable minds could reach the Commission's conclusion, its decision must be affirmed. *Min-Ark Pallet Co. v. Lindsey*, 58 Ark. App. 309, 950 S.W.2d 468 (1997).

Appellant first argues that the Commission erred in finding that his testimony was suspect when the administrative law judge found his testimony to be credible.

■ In this case, the Commission found that appellant's testimony was suspect because the only evidence supporting appellant's contention that he suffered a new compensable injury on April 16, 1998, was appellant's own testimony. The Commission found that appellant failed to inform his employer and physician that he had injured himself on April 16, 1998, despite the fact that appellant knew the proper procedures for reporting injuries to his employer and the fact that the medical evidence diagnosing him with a left hernia condition did not indicate any statement made by appellant revealing the event that caused the condition. Appellant's supervisor at the time of his injury and the company nurse testified that appellant did not notify them of a new injury on April 16, 1998. Ms. Martin even stated that she was confused when appellant came back from his doctor's appointment with a medical release from work. Although appellant informed Ms. Martin that his doctor had diagnosed him with a left inguinal hernia, Ms. Martin testified that there was nothing in the medical records that indicated that appellant's injury was work-related. It is the exclusive function of the Workers' Compensation Commission to determine the credibility of witnesses and the weight to be given their testimony. *Williams v. Prostaff Temporaries*, 64 Ark. App. 128, 979 S.W.2d 911 (1998). Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Express Human Resources III v. Terry*, 61 Ark. App. 258, 968 S.W.2d 630 (1998). It is well-settled that the Commission reviews an ALJ's

decision *de novo*, and it is the duty of the Commission to conduct its own factfinding independent of that done by the ALJ. *Crawford v. Pace*, 55 Ark. App. 60, 929 S.W.2d 727 (1996). Further, the appellate court reviews the decision of the Commission and not that of the administrative law judge. *High Capacity Prods. v. Moore*, 61 Ark. App. 1, 962 S.W.2d 831 (1998).

Appellant next argues that the Commission erred in finding that he did not report his injury to appellee within forty-eight hours as required by Ark. Code Ann. § 11-9-523(a)(4). Arkansas Code Annotated section 11-9-523 (Repl. 1996) states in pertinent part: "(a) In all cases of claims for hernia, it shall be shown to the satisfaction of the Workers' Compensation Commission ... (4) that notice of the occurrence was given to the employer within forty-eight (48) hours thereafter...."

■ Here, appellant argues that "given that he had suffered the same injury in the recent past, coupled with the fact that he was not fully recovered from that injury, he reasonably concluded that it was understood that the second injury was caused just like the first." However, appellant admitted that the only statement he gave to his employer on April 16, 1998, was that he was hurting. He further testified that when he went to the nurse's office to wait for his ride to the doctor's office, he did not "say anything to Ms. Martin about my hurting myself again," and that he only informed his doctor that he felt a sharp pain in his left groin area. On these facts, we conclude that there was substantial evidence to show that appellant did not meet the statutory notice requirements in relation to his new hernia condition.

■ Lastly, appellant argues that the Commission erred in its reading of Ark. Code Ann. § 11-9-523(a)(4). He argues that upon discovering that he had developed a new hernia, one could reasonably conclude that he was probably injured in the same manner as his compensable right hernia condition. In support of his argument, appellant relies on *Min-Ark, supra,* for the proposition that the claimant need not state with precision the precipitating event leading to his hernia. However, appellant's argument has no merit. In *Min-Ark*, the claimant informed his employer that he was in pain shortly after the onset of his hernia condition and the employer was aware that the claimant had been lifting heavy pallets. In this case, appellant simply informed his immediate supervisor that he was in

pain, without stating that his new hernia condition occurred at work. Further, he did not indicate to his physician or the company nurse that he had suffered a new work-related injury.

Based on these facts, we cannot say that there was no substantial evidence to support the Commission's findings that appellant failed to prove by a preponderance of the evidence that he sustained a compensable injury on April 16, 1998.

Affirmed.

PITTMAN, JENNINGS, BIRD, and CRABTREE, JJ., agree.

ROBBINS, C.J., HART, STROUD, and GRIFFEN, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I would reverse and remand for benefits because I believe this case is controlled by the decisions in *Siders v. Southern Mattress Co.*, 240 Ark. 267 (1966), *Price v. Little Rock Packaging Co.*, 42 Ark. App. 238, 856 S.W.2d 317 (1993), and *Min-Ark. Pallet Co. v. Lindsey*, 58 Ark. App. 309, 950 S.W.2d 468 (1997).

Wilburn Daniels sustained a compensable hernia in his right groin area on December 17, 1997, while working for Affiliated Foods Southwest (Affiliated) in a work-release program. Affiliated accepted this injury as compensable and paid all appropriate benefits related to it. On April 16, 1998, Daniels was scheduled to make a 1:30 p.m. follow-up visit with Dr. Steven Williamson, the physician who performed the hernia surgery. He testified that while working for Affiliated between 12:30 and 12:45 p.m. that day, he experienced a sharp pain in his *left* groin area while stacking and removing boxes from a conveyor belt. He assumed that the pain was related to his old injury. He stopped work when he felt the pain, informed Butch Atwood, his supervisor, that he was experiencing pain in his groin area, but failed to tell Atwood that the pain arose from stacking and removing boxes. Daniels then reported to Jana Martin, the company nurse, to obtain the necessary paperwork for his doctor's appointment with Dr. Williamson. Dr. Williamson discovered that Daniels had sustained a new hernia on his left side. Daniels returned to Martin's office and told her that he had a new hernia, but failed to mention that his pain arose out of the work earlier that day. He did not file a report of injury related to the April 16 work episode until April 21.

The employer controverted the left hernia claim based on testimony from Martin and Butch Atwood, the supervisor, that Daniels failed to tell them that he hurt himself at work or sustained a new hernia on April 16. Charles Dean Keterson, the lead man over the module where Daniels worked, testified that Daniels did not inform him that he injured himself at work on April 16. Keterson, Atwood, and Martin testified that they thought Daniels doctor's appointment was merely for regular follow-up of the December 17, 1997 hernia because Daniels had not reported a new injury. Daniels testified that he assumed his pain was related to the December 17, 1997, hernia, so he did not report a new injury. Dr. Williamson testified by deposition that Daniels did not report a new injury on April 16, 1998, and that the left side hernia occurred sometime between December 1997, and April 1998; he had examined Daniels in December 1997 and specifically mentioned in his history that Daniels did not have a hernia on the left. Dr. Williamson's April 16, 1998 office note indicated that Daniels was having no symptoms in the right groin area, but complained of pain in the left groin with cough, straining, and with bending.

Although Dr. Williamson recommended that the left hernia be repaired, Affiliated did not authorize hernia repair because Daniels failed to report that he had sustained a hernia on April 16, 1998. Affiliated contended before the Commission and in response to this appeal that Daniels failed to comply with the statutory requirement in Ark. Code Ann. § 11-9-523(a)(4) that notice of the occurrence be given to the employer within forty-eight (48) hours after the occurrence.

In *Min-Ark. Pallet Co. v. Lindsey, supra,* our court squarely declared that the word "occurrence" in the phrase "notice of the occurrence" requires that the claimant provide notice of "the happening of the hernia itself, not necessarily the work event resulting in the hernia." In that case the claimant suffered a hernia while lifting and stacking wooden pallets. He phoned his mother in the presence of the business owner and told his mother that his side "grabbed" him and "almost dropped me to my knees" and he told the owner that he had some really bad pains but did not know what was wrong. The Commission awarded benefits. On appeal, the employer argued that § 11-9-523(a)(4) should be interpreted to mean that the legislature intended the word "occurrence" to describe a work event that causes a hernia. We rejected that argu-

ment, citing *Siders* and *Price* where the appellate courts reversed the Commission's denial of benefits to employees who suffered hernias. Responding to the argument that the legislature intended for the word "occurrence" to describe a work event that caused the hernia, Judge Stroud's opinion in *Min-Ark. Pallet Co.* states:

> We disagree. Even when statutes are strictly construed, they must be construed in their entirety, harmonizing each subsection where possible. The word "occurrence" appears four times within section 11-9-523, two of which are within the phrase "occurrence of the hernia." Ark. Code Ann. § 11-9-523(a)(1), (4) & (5). Clearly, when used within this phrase, "occurrence" means the happening of the hernia itself, not necessarily the work event resulting in the hernia. Our construction is buttressed by the fact that subsection (a)(1) addresses the work event causing the hernia: "(t)hat the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall[.]" Appellant's argument would have us give two different meanings to the same word, "occurrence," within the same statute, totally ignoring its use in the phrase "occurrence of the hernia." Rules of strict construction do not require such a strained application of the words of the statute.

*Id.*, 58 Ark. App. at 314-15 (citations omitted). The *Min-Ark. Pallet* opinion also quoted from the supreme court's opinion in *Siders v. Southern Mattress Co., supra*, where the supreme court observed that the employee is not "required to give notice that he has a hernia — he is not a doctor — the statute merely requires that appellant give notice of the occurrence which results in a hernia," and that on the case as a whole "if the claimant's disability arises soon after the accident and is logically attributable to it, with nothing to suggest any other explanation for the employee's condition, we may say without hesitation that there is no substantial evidence to sustain the commission's refusal to make an award." *Hall v. Pittman Constr. Co.*, 235 Ark. 104, 105, 357 S.W.2d 263, 264 (1962).

The workers' compensation hernia statute does not require that an employee report that he has sustained a hernia or recite the magic words, "I suffered an injury while performing my job duties." The fact that Daniels did not tell Keterson, Atwood, Martin, or Dr. Williamson that his April 16, 1998 pain was work-related is not controlling. Daniels mistakenly believed that his pain was related to the December 1997 hernia for which he was sched-

uled to see Dr. Williamson in follow-up the afternoon of April 16, 1998. Like the employee in *Price v. Little Rock Packaging Co., supra*, who mistakenly believed that the "awful pain" experienced while lifting loads of paper on April 26, 1990 stemmed from a fall at work in February 1990, Daniels did not complain to his physician or report to his employer that he sustained an injury on April 26, 1990. Yet, we reversed the Commission's denial of benefits in line with the holding in *Siders*.

Likewise, we should reverse the Commission in this case. Affiliated does not dispute that Daniels stopped working early on April 17, 1998. While emphasizing that Daniels never told his supervisors, the industrial nurse, or Dr. Williamson that he had been injured that day, Affiliated ignores the fact that it allowed Daniels to stop working for forty-five minutes to an hour before his doctor's appointment, that Dr. Williamson clearly diagnosed a new hernia on the left side, and that when Daniels presented Nurse Martin with documentation from Dr. Williamson to that effect following the April 16, 1998 doctor's appointment when the hernia was discovered, there was no evidence indicating that Daniels had been injured at any other time or place than at the workplace.

This is not a question of Daniels being credible. All the proof supports his assertion that he thought his pain on April 16, 1998 was related to the December 17, 1997 right side hernia. The Commission has not found that Daniels lacks credibility; he was merely mistaken. That mistaken belief about the origin of his pain should not disqualify Daniels from recovering workers' compensation benefits in the face of the decisions in *Min-Ark. Pallet Co.,Price v. Little Rock Packaging*, and *Siders*.

I respectfully dissent.

ROBBINS, C.J., HART and STROUD, JJ., join in this dissent.