

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00517-CV

Sergio **ALANIS**, Sr.,
Appellant

v.

Jesus Maria **ALVAREZ**, Alvarez & Associates,
and Ana Lisa Garza,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-00-328
The Honorable Federico Hinojosa, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  October 9, 2013

REVERSED AND REMANDED

On December 18, 2000, appellant, Sergio Alanis, who was pro se below and on appeal, filed a "Motion for Recovery of Damages and Claim of Fraud" ("motion for recovery") naming only Jesus Maria Alvarez as a "defendant." This "motion for recovery" raised no causes of action or claims for relief, but stated Alanis would file his complaint for fraud against the defendant for recovery of real property. On February 15, 2002, Alanis filed a "Civil Complaint for Breach of Fiduciary Duty and Fraud; Action in Rem Regarding Forty-Eight and 48/100 (48.48) Acres of

Land" ("complaint") naming Jesus Maria Alvarez and Alvarez & Associates as defendants (collectively, "Alvarez"). In his complaint, Alanis alleged Alvarez, who had represented him in various legal matters since 1991, (1) breached a fiduciary duty to him by unlawfully taking and conveying Alanis's real property into the sole ownership of Jesus Alvarez on February 12, 1998, and (2) fraudulently concealed the conversion of the property. Alanis asserted he did not become aware of the conveyance until December 1, 1999. Alanis served Alvarez on February 25, 2002.[1] On January 8, 2010, appellee Ana Lisa Garza intervened asserting she was the current legal owner of the real property by virtue of a conveyance from Jesus Alvarez.

In separate motions, Alvarez and Garza moved for summary judgment on the affirmative defense of limitations, arguing Alanis's suit was barred by the four-year statute of limitations applicable to breach of fiduciary duty and fraud claims because the deed about which Alanis complained was signed by Alanis on February 5, 1998 and filed with the county clerk on February 12, 1998, but Alanis did not file his "complaint" until February 15, 2002. Alternatively, Alvarez and Garza argued that if the trial court accepted the December 18, 2000 "motion for recovery" as timely initiating suit, then Alanis's claims were still time-barred because Alanis failed to use due diligence by not obtaining service on Alvarez until February 25, 2002. The trial court granted Garza's motion in an interlocutory order and later granted both motions in a final judgment.

## DISCUSSION

The standard for reviewing a traditional summary judgment is whether the movant carried its burden of showing there is no genuine issue of material fact and judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d

---

[1] In 2007, the trial court dismissed Alanis's lawsuit for want of prosecution. This court reversed the order and remanded for further proceedings. *See Alanis v. Alvarez*, No. 04-08-00221-CV, 2009 WL 962535 (Tex. App.—San Antonio Apr. 8, 2009, no pet.) (mem. op.).

746, 748 (Tex. 1999). When, as here, the defendant moves for summary judgment on the affirmative defense of limitations, the movant bears the burden to conclusively establish that defense. *Id.* Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury. *Id.*; *Potter v. Kaufman & Broad Home Sys. of Tex., Inc.*, 137 S.W.3d 701, 704 (Tex. App.—San Antonio 2004, no pet.). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 748.

In his complaint, Alanis stated several times that he did not become aware of the conveyance until 1999, thus raising the application of the discovery rule. If the discovery rule applies to defer or toll the running of the statute of limitations, then Alanis timely filed his complaint and served Alvarez within the limitations period.[2] However, in their summary judgment motions, neither Alvarez nor Garza attempted to negate the discovery rule. Therefore, they were not entitled to summary judgment as a matter of law on their affirmative defense of limitations. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

Sandee Bryan Marion, Justice

---

[2] *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) ("When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service.").